**UNITED STATES of America ex rel. Charles PETERSON**

**Alfred T. RUNDLE, Superintendent.**

**No. Misc. 69-450.**

United States District Court
E. D. Pennsylvania.

Nov. 25, 1969.

Charles Peterson, pro se.

Arlen Specter, Dist. Atty., Joseph J. Musto, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

On May 6, 1969, relator filed a petition for a writ of habeas corpus as of Misc.No.69–205. His asserted grounds were: (1) that a single confrontation by which the Commonwealth secured an identification by the prosecuting witness denied the relator of due process of law; (2) that the introduction of the testimony of two alleged accomplices, to wit, that they had pleaded guilty to the crime for which he was then being tried, denied the relator of a fair trial; and (3) that the relator was denied a fair trial when the improper statement of one of the alleged accomplices was referred to. After careful examination of

the state record, we concluded that none of these grounds had been presented to the state courts and we therefore denied the petition. United States ex rel. Peterson v. Rundle, Misc.No.69–205, Memorandum Opinion and Order, June 6, 1969.

Thereafter, relator filed a petition for rehearing to which was attached a copy of the trial judge's opinion denying a motion for new trial. This, relator, contended, showed that the evidence of his accomplices' guilty pleas was, in fact, considered by the trial judge. We disagreed. See United States ex rel. Peterson v. Rundle, Misc.No.69–205, Memorandum and Order dated July 30, 1969, and we therefore denied the petition for rehearing.

Relator has now filed the present petition, again alleging:

"The prosecution so prejudiced petitioner by the introduction of the guilty plea of two convicted alleged accomplices as to deny him due process."

We thereupon requested and received copies of the briefs filed with the Superior Court of Pennsylvania, to which relator had appealed the denial of his motion for a new trial. Examination of the briefs show that the question of the accomplices' guilty pleas was indeed raised in that Court. We cannot know whether the per curiam affirmance, Commonwealth v. Peterson, 213 Pa.Super. 758, 246 A.2d 911 (1969) was based upon the merits, or was because of the defendant's failure to raise the point in the lower court. If the former, there has been exhaustion; if the latter, there has not. This dilemma, however, need not detain us, for we have concluded that on its merits, the writ must be denied. "The general grant of jurisdiction in habeas corpus * * * permits *denial* of a petition for the Great Writ on its merits, though state remedies may not be exhausted." United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (C.A. 3, 1964).

The sole question raised by this petition relates to the examination by the Commonwealth of relator's two convicted accomplices as to their guilty pleas. In United States v. Restaino, 369 F.2d 544 (C.A.3, 1966), the court said, at page 545:

"* * * Unless undue emphasis is placed upon the fact that such pleas have been made, Cf., Payton v. United States, 96 U.S.App.D.C. 1, 222 F.2d 794 (1955), informing the jury that such pleas have been entered is not ordinarily erroneous. Compare Minker v. United States, 85 F.2d 425 (C.A.3, 1936). Such information or evidence has been held to be proper where the co-defendant has testified, Nigro v. United States, 117 F.2d 624, 632 (C.A.8, 1941), or where the pleas are taken during trial. United States v. Aronson, 319 F.2d 48 (C.A.2, 1963), cert. denied, 375 U.S. 920, 84 S.Ct. 264, 11 L.Ed.2d 164 (1963); Wood v. United States, 279 F.2d 359 (C.A.8, 1960). However, cautionary instructions should be given. United States v. Aronson, 319 F.2d at 52. * * *"

See also Freije v. United States, 386 F.2d 408 (C.A.1, 1967); Baker v. United States, 393 F.2d 604 (C.A.9, 1968).

In this case, our review of the state record reveals that the trial judge carefully instructed the jury that they should under no circumstances consider the testimony of the alleged co-conspirators as far as Peterson was concerned. He charged that they should not consider their guilty pleas in determining relator's guilt. We are convinced from reading the charge that adequate cautionary instructions were given at the trial and that the evidence of the guilty pleas did not render the trial constitutionally unfair.

For the foregoing reasons, the writ will be denied.

There is no probable cause for appeal.

It is so ordered.