Commonwealth *v.* Massey, Appellant.

Argued September 15, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*David Kanner,* with him *Harold Freudenheim,* and *Kanner, Stein, Feinberg & Barol,* for appellants.

*Milton M. Stein*, Assistant District Attorney, with him *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., December 10, 1970:

These are appeals from the judgments of sentence of the Court of Common Pleas, Trial Division, Criminal Section, of Philadelphia, after conviction of the defendant-appellants of aggravated robbery and prison breach.

On September 14, 1969, the appellants and four other prisoners engaged in an attempt to escape from the Philadelphia Detention Center. The prisoners made serious assaults on correction officers Irving Reddick and Joseph Ryan. Reddick identified Wyatt and Watson as his assailants; Ryan identified Monroe as one of his assailants. Reddick was hospitalized for sixteen (16) days and lost fourteen (14) days of work because of a kidney injury. Ryan lost three (3) days because of his injuries. During the attack on Reddick, the defendant Wyatt took a set of keys from his possession.

A defendant, Earl Hansen, testified that, he, the appellants and the other defendants planned to escape by assaulting the guards and taking an elevator to the first floor. He identified the appellants as two of the planners and perpetrators of these crimes. Hansen firmly denied that any promises of leniency has been given him in regard to the charge against him. Other witnesses corroborated the Commonwealth's testimony as to the participation of the appellants.

The defendant, Monroe, testified on his own behalf. He denied participating in an escape; in fact, his testimony contains no mention of an escape effort by any-

one. He denied attacking any of the guards. He did not inculpate co-appellants in either an escape effort, a robbery or an assault on the detention officers. The court refused to permit the appellants to cross-examine Monroe, but it was suggested that they call him as a witness. This was not done.

It is clear that Monroe was not called as a witness for the Commonwealth and equally clear that he did not testify against the appellants. Their contention that their rights under the Sixth Amendment were violated is without merit.

The appellants rely on *Bruton v. United States,* 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968), which held that a confession added weight to the government's case in a form not subject to cross-examination, so violating Bruton's Sixth Amendment right of confrontation and held that this cannot be avoided by a jury instruction by the Court to disregard the confession as to Bruton. The court, however, in *Bruton,* indicated that viable alternatives existed to the procedure of admitting the confession with reference to the defendant's Sixth Amendment right. *Bruton v. United States,* 391 U.S. 123 (1968), at page 134. The ABA Standard, Joinder and Severance, Section 2.3(a) lists a viable alternative as the admission of the statement after all reference to the non confessor had been deleted.

If a codefendant's confession, not inculpating the defendant, can be introduced in a joint trial thereby precluding cross-examination by the defendant, certainly a codefendant's exculpatory statement can be admitted and not subject to cross-examination. *United States v. Blassick,* 422 F. 2d 652 (7th Cir. 1970).

The evidence in this case was overwhelming and clearly supports the verdicts. As Mr. Justice DOUGLAS said in *Harrington v. California,* 395 U.S. 250, 23 L.

Ed. 284, 89 S. Ct. 1726 (1969): ". . . although the use of confessions by codefendants who did not testify amounted to a denial of the petitioner's constitutional right of confrontation, the evidence supplied through such confessions was merely cumulative, and the other evidence against the petitioner was so overwhelming that the court could conclude beyond a reasonable doubt that the denial of the petitioner's constitutional rights constituted harmless error." In the instant case, Monroe in no way inculpated appellants and cross-examination could not possibly have led to an acquittal. As the court below said: "His (Monroe's) testimony was in no way adverse to the defendant, Massey. If counsel for (Massey) wished to develop affirmative testimony through (Monroe) he could have called (Monroe) as his witness, which we suggested to him."

The defendants also contend that it was error to refuse to permit the cross-examination of a codefendant who had testified for the Commonwealth. Counsel for the defendant was given wide latitude by the court for cross-examination of the codefendant Hansen who became a witness for the Commonwealth. Hansen was repeatedly asked about promises of leniency and he firmly denied that any promises, threats or deals were made. This complaint is without merit.

As the court below said: "This case was vigorously defended by the attorneys for the defendants. All the Commonwealth's witnesses were vigorously cross-examined but remained steadfast and unshaken in their testimony."

Finally, the defendants contended that it was constitutional error not to permit the defendant to secure or have furnished counsel at a preliminary hearing. The appellants rely on *Coleman v. Alabama,* 399 U.S. 1, 90 S. Ct. 1999 (1970). However, *Coleman v. Ala-*

*bama* was decided after the decision in the instant appeals. and we have held that *Coleman v. Alabama* need not be given retroactive effect. *Commonwealth v. Brown,* 217 Pa. Superior Ct. 190, 269 A. 2d 383 (1970).

Judgments of sentence are affirmed.