## Commonwealth *v*. Geho, Appellant.

Submitted December 4, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Ralph W. D. Levan,* Assistant Public Defender, for appellant.

*Grant E. Wesner,* Deputy District Attorney, and *Robert L. VanHoove,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

The question in this appeal is whether the entry of guilty pleas by codefendants in a joint trial with appellant requires the withdrawal of a juror, despite cautionary instructions by the trial judge.

Appellant, Girard Geho, and two other codefendants were indicted and brought to trial jointly on charges of burglary, larceny, receiving stolen goods and conspiracy. Each defendant was represented by separate counsel. During the course of the trial, two of the defendants changed their pleas to "guilty" in the presence of the jury. The jury was sequestered and the two codefendants were, thereafter, dropped from the proceedings. The trial proceeded against Girard Geho.[1]

---

[1] We are opposed to the practice employed by defense counsel for appellant's codefendants in entering guilty pleas in open court in the presence of the jury. The potential prejudice to appellant's position could have been effectively obviated by making such requests in judge's chambers or at side-bar outside of the hearing of the jurors. In the instant case, had the identification by the prosecuting witness of the three defendants as perpetrators come prior to the change in pleas, we would have been obliged to reverse.

We must emphasize that even when a salutory procedure is taken in entering guilty pleas in a joint trial, the trial judge should, as he did in the instant case, give prompt cautionary instructions when the jury is recalled to deliberate upon the remaining defendant. As the pleas were fortuitously entered before they could be damaging to appellant's case, and as the evidence against appellant was overwhelming, we do not feel compelled to hold counsel's error to be reversible.

When the jury returned, the trial judge gave cautionary instructions to the jury regarding the previous incidents: "Members of the jury, remaining for your consideration is one defendant, Girard Geho, represented by his attorney, Mr. Levan. I don't want the jury to be concerned or influenced in any way as to what may or may not have happened, involving the other two defendants, Barry and Walter Wentzel. Your sole responsibility now is to determine whether Girard Geho is guilty or not guilty of the charges that the Commonwealth has preferred against him. The burden is on the Commonwealth to prove guilt of each of the defendants beyond a reasonable doubt, and the jury, if you had had three defendants, would have had to consider each one separately. Now you don't have two to consider, but you must still consider the question of Girard Geho's guilt or innocence, and again I repeat, I charge you that you should not, in any way, be influenced in this matter, for or against the defendant, by reason of the fact he is the only defendant remaining. . . ."

On December 9, 1970, the jury returned a verdict, finding appellant guilty of burglary, larceny and conspiracy, and not guilty of receiving stolen goods. Post-trial motions were filed and the only question raised was the ruling of the trial judge refusing Geho's motion for a mistrial after the two codefendants changed their pleas. The court denied appellant's motions, and this appeal followed.

Appellant contends that he was incurably prejudiced by the impact of the guilty pleas tendered by the codefendants in the presence of the jury. He argues that however detailed the trial judge's subsequent instructions, appellant had been labelled guilty by association by the jury which had begun their determina-

tion with all three defendants before them charged with commission of the same crimes.

A novel question is presented. When three defendants are tried jointly and do not request a severance, is it error to continue with the trial against one defendant after two defendants elect to change their pleas to "guilty"? Appellant cites no authorities in his brief. Appellee relies upon the holding in *Commonwealth v. Biddle,* 200 Pa. 640 (1901), wherein our Supreme Court concluded that error was not committed when one defendant was permitted to enter a plea of guilty in open court in the presence of the same jury which thereafter tried the other defendant. Not since the beginning of this century has that precise issue come before the Supreme Court.

The problem, however, appears to have been answered in a host of federal cases. In a Second Circuit case, the United States Court of Appeals held that where the appellant was tried jointly with other codefendants, three of whom changed their pleas to guilty before the jury, cautionary instructions by the trial judge corrected any potential prejudice or improper implication drawn from such pleas as to appellant.[2]

---

[2] The Appeals Court emphasized that had said pleas been tendered out of hearing of the jury and before appellant's trial, that information could have come to the jury's attention in any event. The Court stated at p. 51: "In practically every criminal prosecution, the government's principal witness or witnesses are drawn from the ranks of co-defendants, co-conspirators or participants in the allegedly unlawful enterprise. Often they have pleaded guilty before trial. . . . The prosecution [could call the witness] and, adhering to time-honored and approved practice, [ask] him if he had ever been convicted of a crime. 'Not to have done so would surely have subjected the prosecution to criticism. Counsel on direct examination usually adopt the policy of bringing out such adverse facts as they know will be developed on cross-examination. Failure to disclose would then be characterized as an intent to conceal.' " (Emphasis added.)

*U.S. v. Aronson,* 319 F. 2d 48 (2d Cir. 1963). Similar holdings were made in other circuits, citing *Aronson* with approval. See *U.S. v. Restaino,* 369 F. 2d 544 (3d Cir. 1966) ; *Wood v. U.S.,* 279 F. 2d 359 (8th Cir. 1960).

"It is well-settled that guilty pleas of co-defendants cannot be considered as evidence against those who are on trial, because '[t]he defendant ha[s] a right to have his guilt or innocence determined by the evidence presented against him, not by what has happened with regard to a criminal prosecution against someone else.' " *U.S. v. Restaino,* supra, at p. 545, citing *U.S. v. Toner,* 173 F. 2d 140, 142 (3d Cir. 1949). It is incumbent, therefore, upon the trial judge to give adequate and clear cautionary instructions to the jury to avoid "guilt by association" as to the defendant being tried. *U.S. v. Aronson,* supra at p. 52; see also, *U.S. ex rel. Peterson v. Rundle,* 305 F. Supp. 1242 (E.D. Pa. 1969).

In the instant case, we are of the opinion that the trial judge adequately instructed the jury that it had the burden of finding appellant guilty beyond a reasonable doubt of the charges against him, and that it could not take into consideration the guilty pleas of the other codefendants in making that determination.

There is no merit to the contention that such a conclusion on this Court's part would run counter to the principles enunciated in *Bruton v. United States,* 391 U.S. 123 (1968). While the Supreme Court of the United States held that cautionary instructions could not correct the prejudice created by a confession of a codefendant tried jointly with the appellant, that Court emphasized that it was because the confession specifically implicated appellant in the crime that caused the error to be incurable. The Court stated that while judicial economy would dictate joinder of the cases against the codefendants into a single trial and while "the prosecution ought not to be denied the benefit of

the confession to prove the confessor's guilt," there exist "alternative ways of achieving that benefit without at the same time infringing the nonconfessor's right to confrontation. Where viable alternatives do exist, it is deceptive to rely on the pursuit of truth to defend a clearly harmful practice." at p. 134. This Court affirmed that language in *Bruton* recognizing that a codefendant's confession not inculpating the defendant can be introduced in a joint trial, even though it may preclude cross-examination by the defendant. *Commonwealth v. Massey*, 218 Pa. Superior Ct. 68, 272 A. 2d 269 (1970). In *Massey*, we said that *Bruton* did not apply to the case where a codefendant did not implicate the appellant: "The court, however, in Bruton, indicated that viable alternatives existed to the procedure of admitting the confession with reference to the defendant's Sixth Amendment right. . . . The ABA Standard, Joinder and Severance, Section 2.3 (a) lists a viable alternative as the admission of the statement after all reference to the non-confessor had been deleted." 218 Pa. Superior Ct. at 70.

A confession by a codefendant, which does not implicate a defendant, may be attended by the same connotations as to the remaining defendant as a guilty plea. We are not persuaded by a contention that cautionary instructions cannot cure any potential prejudice created by implications as to the appellant, in the instant case, that he was likewise guilty of the charged crimes.

The judgment of sentence is affirmed.