## Commonwealth v. Gaithers

*Ronald T. Williamson, Assistant District Attorney,* for Commonwealth.

*Arthur L. Gutkin,* for defendant.

TREDINNICK, *J.,* September 29, 1978—Defendants Charlene R. Gaithers and Audrey McDaniels were found guilty by this court sitting without a jury of retail theft[1] and conspiracy to commit retail theft.[2] Defendant Gaithers was also found guilty of making an unsworn false statement to a police officer.[3]

Following their convictions, both defendants filed motions for a new trial and/or in arrest of judgment. The motions were denied and sentences imposed. Defendant Gaithers has appealed, thus necessitating this opinion.

Defendant alleged the following errors in support of the motions: (1) it was error for the court to have

---

1. Crimes Code of December 6, 1972, P.L. 1482, sec. 1, as amended, 18 C.P.S.A. §3929.

2. Id. §903.

3. Id. §4904.

denied her motion for a mistrial after a side bar conference in which her co-defendant offered to plead guilty; (2) defendant had renounced the crime before completion; (3) the verdict was contrary to the evidence, the weight thereof and the law; (4) defendant was not given the right to renounce the unsworn falsification subsequent to the time of the falsification; (5) defendant was prejudiced because the court, by virtue of the informations, was aware that defendant had prior convictions; and (6) certain testimony regarding defendant's action was prejudicial and without basis.

The trial arose out of an incident at Hit or Miss, a woman's fashion store in the Melrose Shopping Center, Cheltenham, this county. The Commonwealth presented the eyewitness testimony of two customers and the assistant manager, as well as the testimony of one investigating police officer. Defendants offered no evidence.

The testimony fairly established that on November 30, 1977, at approximately 7:30 p.m. the assistant manager at the Hit or Miss store saw both defendants enter the store with large canvas bags folded flat. The assistant manager's attention was then diverted elsewhere and when she returned her attention she saw Charlene Gaithers exit the store with her bag now filled out.

Ms. Gaithers reentered the store approximately five minutes later with her bag again flat and at this point the assistant manager watched the pair discreetly. Ms. McDaniels helped Ms. Gaithers open her bag into which Ms. Gaithers proceeded to place Hit or Miss clothes, identifiable as such by the tags which were still attached. Based upon these observations and upon information supplied by a cus-

tomer, the assistant manager locked the doors to the store and notified police.

The police arrived and positioned themselves at the front of the store. Eventually defendants proceeded to the cash registers and purchased one item, after which they were immediately arrested.

Although no clothes were found in their bags when the defendants were arrested, a subsequent search of the store by the assistant manager revealed the existence of Hit or Miss clothes in unusual places about the premises. Some were found on the window sill, some on the floor near the rear office, and some underneath the racks in the pants section. The total price of the clothes so found was $344.91.

Detective John Lynch of the Cheltenham Township Police Department was on duty at 8:30 p.m. on November 30, 1977, when he was asked to investigate an alleged theft at the Hit or Miss store. Pursuant thereto he interviewed the two defendants who had by then been transported to the police station. Audrey McDaniels identified herself as Audrey McDaniels, but Charlene Gaithers, whom the detective identified at trial, gave her name as Rochelle Jones and claimed to be a juvenile.

As the interview progressed Detective Lynch began to suspect Ms. Gaithers real identity and eventually confronted her. However, she continued to deny she was Charlene Gaithers. Sometime during the course of the investigation defendant was given a standard Miranda warning form which she signed as Rochelle Jones.

The evidence presented was clear, precise and uncontradicted. The totality of the evidence is clearly sufficient to warrant the conclusion of the

court as factfinder that defendant at one point "transfer[red] . . . merchandise offered for sale by [the] store . . . to [a] container with intent to deprive the owner of all or some part of the value thereof." Crimes Code, §3929. The fact that the items were discarded when she saw police at the checkout counter (a fair inference from the evidence) is incriminating, if anything. We concluded that the verdicts were not contrary to the law, the evidence or the weight of the evidence.

Ms. Gaithers contends that she renounced the crime of retail theft before its completion and before the arrival of the police and that she was not given the right to renounce the unsworn falsification when the police were aware prior to the falsification that such would be made.

Our Crimes Code only recognizes renunciation as a defense to the inchoate crimes of attempt,[4] solicitation,[5] and conspiracy.[6] Under 18 C.P.S.A. §3929: "(a) A person is guilty of a retail theft if he: . . .(3) transfers any merchandise offered for sale by any store or other retail mercantile establishment from the container in or on which the same shall be displayed to any other container with intent to deprive the owner of all or some part of the value thereof." Consequently the crime was a completed offense when the items were placed in the shopping bag with the requisite intent. Therefore, since section 3929 does not recognize a renunciation defense for

---

4. 18 C.P.S.A. §901.

5. 18 C.P.S.A. §902.

6. 18 C.P.S.A. §903.

retail theft then at the point the crime is completed it is too late for defendant to escape culpability for her act.

Similarly, since there is no right to renounce the crime of making an unsworn falsification, the officer interrogating defendant had no obligation to advise defendant of that nonexistent right.

During one side-bar conference counsel for co-defendant McDaniels indicated that she would plead guilty. Defendant Gaithers moved for a mistrial and a severance, which was denied. Although the guilty plea was in fact never entered, defendant claims that the refusal to sever prejudiced her own case because it resulted in information being received by this court as factfinder that otherwise would have been excluded.

However, when during the joint trial of co-defendants some choose to enter guilty pleas it is not error to then continue the trial against the remaining defendants as long as the jury is appropriately cautioned: Com. v. Geho, 223 Pa. Superior Ct. 525, 302 A. 2d 463 (1973). There is no reason not to apply the same rule to a judge sitting without a jury.

Defendant argues that the fact that the guilty plea was never entered increases the prejudice and therefore apparently distinguishes this case from the Geho principle but offers no reasons in support of this contention. We fail to see the logic of this distinction for it would seem that if the fact that the plea had never been entered has any effect, it would be to lessen any possible prejudicial impact. In any event, the offer to plead was not considered by this court in our eventual determination of guilt which was amply supported by the evidence.

Defendant also alleges that the information charging retail theft noted on its face that it was her fourth offense, and that such knowledge by the factfinder deprived her of a fair trial and is unconstitutional.

However, under 18 C.P.S.A. §3929 the number of prior convictions for retail theft is relevant in determining the grade of the offense. Thus the number of prior convictions is an essential element of the offense that must be included on the information in order to give sufficient notice to defendant under Pa. Constitution Art. I, §9. If the information in fact does not contain averments of prior convictions the defendant cannot be sentenced under the recidivist section of the statute: Com. v. Moses, 441 Pa. 145, 271 A. 2d 339 (1970). If defendant must receive notice through the information that one of the elements of his offense is the existence of prior convictions then it becomes unavoidable that in a trial by judge the court as factfinder will become aware of them.

Lastly, defendant Gaithers argues that the testimony that she left the store with a bulging bag, implying that she stole merchandise, was prejudicial and without basis. Regardless of the probative value of that testimony defendant made no objection to that testimony when introduced at trial and therefore cannot raise it now:[7] Com. v. Marlin, 452 Pa. 380, 305 A. 2d 14 (1973).

Judgment of sentence should be affirmed.

---

7. Defendant did object, but not to the competency of the evidence, rather, simply to an alleged conclusory statement made by the witness.