891 A.2d 1265

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Jay Michael BOYER, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 7, 2005.

Decided Feb. 21, 2006.

Edward J. Rymsza, for Jay Michael Boyer, Jr.

David Peter Johnson, for Commonwealth of Pennsylvania.

Before CAPPY, C.J., CASTILLE, NEWMAN, SAYLOR, EAKIN, BAER, JJ.

## OPINION

Justice SAYLOR.

We allowed appeal to consider whether a trial court's failure to issue a cautionary instruction upon the admission of evidence of a co-conspirator's guilty plea during a jury trial constitutes reversible error.

In the early morning hours of August 31, 2001, Appellant and two other men forcefully entered the residence of an elderly couple. The three perpetrators, one of whom was armed with a pellet gun, threatened to shoot the victims, bound them with duct tape, and absconded with a large sum of money. Appellant was subsequently arrested by the Pennsylvania State Police, and later, made a statement admitting his involvement in the crimes.

Thereafter, George MacDougall confessed to having participated in the home invasion, named Appellant and Tony Yohe as the other perpetrators, and entered a plea of guilt on the charge of conspiracy to commit robbery. At the jury trial of Appellant and Yohe, the Commonwealth called MacDougall to testify. MacDougall refused, however, because he had sought to withdraw his guilty plea, and he did not wish to incriminate himself or hinder his potential appeal. Nevertheless, at the request of the Commonwealth, and without objection by Appellant's counsel, the court admitted MacDougall's guilty plea into evidence; further, the district attorney related to the jurors the circumstances surrounding the plea, including MacDougall's explicit identification of Appellant and Yohe as his co-conspirators. At no point did Appellant's counsel request a cautionary instruction concerning the appropriate perspective from which to view MacDougall's guilty plea in determining Appellant's guilt, and the court offered no such instruction.

Appellant was convicted of robbery and associated conspiracy, burglary, terroristic threats, unlawful restraint, and simple assault. He received the maximum sentence on each charge, to be served consecutively, resulting in an aggregate term of imprisonment of 26 to 100 years. Appellant lodged an appeal from the judgment of sentence in the Superior Court, arguing, *inter alia,* that the evidence of MacDougall's guilty plea should not have been introduced in the absence of a cautionary instruction, and that his trial counsel rendered deficient stewardship in this regard.

In its opinion under Rule of Appellate Procedure 1925(a), the trial court agreed with Appellant's argument that a cautionary instruction should have been requested by counsel and that it was error by the court not to give such an instruction. Citing, *inter alia, Commonwealth v. Thomas,* 443 Pa. 234, 244–45, 279 A.2d 20, 26 (1971), the court noted that the evidence of MacDougall's guilty plea fostered a suggestion of guilt by association, which was inherently prejudicial. The court concluded, however, that the asserted error was harmless in light of the other evidence of this case, particularly Appellant's confession. It also explained, *inter alia,* that the impact of MacDougall's plea was mitigated by the fact that he had renounced it and was pursuing an appeal challenging his sentence, as well as by the absence of any reference to the plea in the district attorney's closing argument.

The Superior Court affirmed, agreeing with the trial court that it was error to introduce a co-defendant's plea without a cautionary instruction. *See Commonwealth v. Boyer,* 856 A.2d 149, 155 (Pa.Super.2004) (citing *Commonwealth v. Geho,* 223 Pa.Super. 525, 302 A.2d 463 (1973) (concluding that, where one or more of several charged defendants plead guilty, it is incumbent upon the trial judge to give adequate and clear cautionary instructions to the jury to avoid "guilt by association" as to the remaining defendant)).[1] The court further

---

1. Judge Klein filed a dissenting statement relating solely to a claim that the sentences imposed were excessive, an issue that is not presently before this Court.

concurred with the trial court that the error was harmless in light of Appellant's confession. *See Boyer*, 856 A.2d at 155.

 This Court allowed appeal on a limited basis, with primary focus on the argument that a cautionary instruction was required, in conformity with decisions of the United States Court of Appeals for the Third Circuit. *See, e.g., Bisaccia v. Attorney General*, 623 F.2d 307, 312–13 (3d Cir. 1980). The Commonwealth responds, however, that this issue is waived, and, under *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), the derivative ineffectiveness claim arising out of the failure of Appellant's trial counsel to object to the admission of evidence of MacDougall's guilty plea and to request a cautionary instruction may be considered only in the context of a post-conviction review petition. Although he filed a reply brief, Appellant offers little to answer the waiver contention, indicating only that trial courts should have the obligation to offer limiting instructions *sua sponte*. *See* Reply Brief for Appellant at 5 n. 3 (citing *United States v. Lewis*, 693 F.2d 189 (D.C.Cir.1982)).

The decision that Appellant cites, however, was rendered in the context of a federal framework that accepts a plain or fundamental error exception to the waiver doctrine. *See Lewis*, 693 F.2d at 193 (citing Fed.R.Crim.P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.")). Prevailing Pennsylvania jurisprudence, however, no longer recognizes the plain error doctrine. *See Commonwealth v. Clair*, 458 Pa. 418, 423, 326 A.2d 272, 274 (1974). In abolishing the plain error doctrine in Pennsylvania, the Court determined that unpreserved claims, including constitutional ones such as those grounded in federal due process, "can more properly be remedied by a claim of ineffective assistance of counsel," *id.*, now relegated to the post-conviction review process. *See Grant*, 572 Pa. at 67, 813 A.2d at 738. Moreover, the Court has repeatedly found that the failure of trial counsel to request cautionary instructions relative to the admission of evidence constitutes the waiver of a claim of trial court error in failing to issue such instructions. *See Commonwealth v.*

*Bryant,* 579 Pa. 119, 141, 855 A.2d 726, 739 (2004); *Commonwealth v. Wallace,* 522 Pa. 297, 309, 561 A.2d 719, 725 (1989); *Commonwealth v. Tervalon,* 463 Pa. 581, 591-92, 345 A.2d 671, 677 (1975).

Under *Clair,* the Commonwealth is correct that Appellant's present claims are waived, and this case was not accepted for review and has not been presented in a fashion such that it would be appropriate to reconsider *Clair's* holding.[2]

The order of the Superior Court is affirmed.

Chief Justice CAPPY, Justice CASTILLE, Justice NEWMAN and Justice EAKIN and BAER join the opinion.

Former Justice NIGRO did not participate in the consideration or decision of this case.

---

2. The Superior Court appropriately dismissed Appellant's related claim of ineffective assistance of counsel without prejudice, per *Grant,* 572 Pa. at 67, 813 A.2d at 738.