J-S57010-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| QASHIME WAGNER, | : | |
| | : | |
| Appellant | : | No. 2535 EDA 2013 |

Appeal from the Judgment of Sentence August 1, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No(s): CP-51-CR-0005678-2011
and CP-51-CR-0010755-2011

BEFORE:  DONOHUE, MUNDY and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED OCTOBER 06, 2014**

Qashime Wagner ("Wagner") appeals from the August 1, 2013 judgment of sentence entered by the Philadelphia County Court of Common Pleas following his convictions of robbery and criminal conspiracy.[1] Upon review, we affirm.

Wagner raises one issue on appeal for our review:  "Did the trial court err in failing to allow [Wagner] to pick a new jury where co-defendant's guilty plea prejudiced the jury?"  Wager's Brief at 3.  As the sole issue raised on appeal surrounds the guilty plea of Wagner's codefendant, Mario Mitchell ("Mitchell"), after jury *voir dire* but before the jury was sworn, a full recitation of the facts of the case is unnecessary.  Although the notes of testimony do not include the actual request made by Mitchell to plead guilty,

---

[1]  18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(c).

at the conclusion of the first day of trial, prior to the court's resolution of Wagner's motion for a new jury, counsel for Wagner and the trial court provided the following summary of what transpired:

> [COUNSEL FOR WAGNER]: Your Honor, the motion would be that the defense would have asked or is asking that this jury panel be dismissed given the fact that, when we selected the jury, Mario Mitchell was a co-defendant. Mario Mitchell was a co-defendant in person with Mr. Wagner.
>
> And all the way up to the point before the jury was sworn in, Mario Mitchell sat or stood as a co-defendant with [] Wagner giving the appearance that he was ready to proceed to trial.
>
> And then only minutes before they were sworn in, Mario Mitchell tendered his negotiated guilty plea to the [c]ourt, and, therefore, was not present when the jury was then brought out about 20 minutes after he indicated that he was going to plead guilty, giving the certain impression that Mario Mitchell pled guilty to this offense or offenses and was no longer a part of this trial, further giving the impression that his guilty conscience would somehow be imputed to Mr. Wagner now that he was no longer a defendant. That's my position Your Honor.
>
> THE COURT: Let's just clarify and add a few more things for the record so it's clear. […]
>
> As the record reflects, I was not the judge that selected the jury. That was done […] in Judge Carpenter's presence[.] […] Clearly, both [defendants] would have been present.
>
> Today in terms of this courtroom, the jury was on its way out to start the trial, and not all of them were even seated when it became apparent from co-counsel's motion to the [c]ourt, and the jury was taken immediately back out.

So I don't think there's any question that some, if not all of those jurors, saw that at that point Mr. Mitchell was still present in the courtroom. [...]

Then Mr. Mitchell did enter into a negotiated guilty plea. Various conversations were also conducted with your client through yourself, and eventually the jury was brought back out. At which point I asked to see both counsel at sidebar to see if you, in fact, wanted an instruction.

At that point you indicated to me, [counsel for Wagner], that you were objecting and wished to pick a new jury. [...]

At that time I denied this request and said that you would have an opportunity to put it on the record. [...]

N.T., 5/29/13, at 120-23.

Following the sidebar conference, the jury was sworn and Wagner entered a plea of not guilty on the record. Thereafter, as part of its preliminary instructions to the jury, the trial court stated the following:

Good morning, members of the jury. Welcome back again. I want to tell you a few things before we get stared, and one is that I know when you were selected a while back before Judge Carpenter, there may have been two individuals that were on trial, and you may have seen one here today.

But I want to tell you that you are not to concern yourselves with that. We have one individual on trial here today. It's my decision that this matter was not going to be delayed in any other way because I know that you have been here on several occasions.

So this case now is the case of Commonwealth versus Mr. Wagner and Mr. Wagner only.

*Id.* at 6.

After three days of testimony, the jury convicted Wagner of the above-listed crimes and acquitted him of three counts of simple assault. Numerous other charges were either withdrawn or *nolle prossed* at the Commonwealth's request. On August 1, 2013, the trial court sentenced Wagner to an aggregate term of six to 15 years of imprisonment.

On August 5, 2013, Wagner filed a *pro se* notice of appeal and a request for the appointment of counsel to represent him on appeal. On August 9, 2013, Wagner filed *pro se* motions for reconsideration of his sentence and for the correction of an allegedly illegal sentence. The trial court appointed counsel to represent Wagner in the post-sentencing phase. The trial court issued an order on August 22, 2013 denying the motion for reconsideration. That same day, the trial court issued an order requiring Wagner to file a concise statement of errors complained of on appeal, and new counsel complied.

The trial court found that the jury did not hear Mitchell enter his guilty plea,[2] and that it gave the jury a proper instruction not to consider Mitchell's

---

[2]  In his 1925(b) statement, Wagner included an argument that the jury "over heard [*sic*] Mario Mitchell plead guilty […] on a microphone while [the] jury was in recess in [the] deliberation room prior to what was going to be a two[-]defendant trial." Supplemental Statement of Matters Complained of on Appeal, 9/27/13, at ¶ 2. Wagner has apparently abandoned this contention on appeal, as he raises no argument in support of this claim. We disagree with the Commonwealth that Wagner has waived his claim that the jury inferred that Mitchell pled guilty on the basis that he failed to include it in his 1925(b) statement (**see** Commonwealth's Brief at 10 n.4), as Wagner asserted that the jury "heard **and/or surmised** that co-defendant pled

absence when deciding Wagner's verdict. Trial Court Opinion, 10/10/13, at 9-10. Thus, the trial court found that Wagner was not entitled to a new jury and that his claim contending otherwise is meritless. *Id.* at 10.

Wagner asserts that the failure to grant his motion for a new jury was error, as the trial court's cautionary instruction to the jury was inadequate. Wagner's Brief at 9-10. He states that although the trial court said "she would entertain giving an instruction regarding co-defendant pleading guilty, the judge never instructed the jury regarding [the] fact that they would not hold co-defendant's guilty plea against [Wagner] as they have to determine [Wagner]'s guilt [or] innocence separate from [that of] co-defendant." *Id.* at 10.

Wagner is correct that a codefendant's guilty plea cannot be considered as evidence against the defendant who elects to stand trial. *Commonwealth v. Geho*, 302 A.2d 463, 465 (Pa. Super. 1973) (*en banc*). "[T]he defendant has a right to have his guilt or innocence determined by the evidence presented against him, not by what has happened with regard to a criminal prosecution against someone else." *Id.* at 465-66 (citation omitted). "It is incumbent, therefore, upon the trial judge to give adequate and clear cautionary instructions to the jury to avoid 'guilt by association' as to the defendant being tried." *Id.* at 466 (citation omitted). In order for

guilty[.]" Supplemental Statement of Matters Complained of on Appeal, 9/27/13, at ¶ 2 (emphasis added).

- 5 -

this Court to review a question of the trial court's alleged failure to provide an adequate cautionary instruction, the defendant must have preserved the issue below by requesting that a cautionary instruction be given. **See Commonwealth v. Boyer**, 891 A.2d 1265, 1267 (Pa. 2006) (finding waived a claim that the trial court erred by failing to provide a cautionary instruction when it admitted into evidence a co-defendant's guilty plea based upon the defendant's failure to request that a cautionary instruction be given).

As stated above, the record in the case at bar reflects that the trial court gave the jury an instruction at the beginning of trial that the jury was not to concern itself about the second person that previously may have been present to stand trial with Wagner and that the only matter before the jury was **Commonwealth v. Wagner**. N.T., 5/29/13, at 6. At the conclusion of trial, when the trial court permitted Wagner to place his objection and argument for a new jury on the record, the trial court stated its belief that its "instructions were very clear to the jury that they are only to consider the case as it exists currently." **Id.** at 123. The trial court stated that it "addressed [the concern] in an appropriate manner," but nonetheless offered Wagner the opportunity to request an additional cautionary instruction. **Id.** at 124. Wagner did not request an additional cautionary instruction at that time or at any point prior the jury rendering its verdict.

Based upon Wagner's failure to request that the trial court provide the jury any additional cautionary instruction(s) regarding Mitchell's guilty plea,

we find waived the claim that the cautionary instruction provided was inadequate. **See Boyer**, 891 A.2d at 1267; **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014