J-S47012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS GILBERT ORTIZ-CRUZ | : | |
| | : | |
| Appellant | : | No. 1824 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 3, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002213-2017

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                **FILED OCTOBER 23, 2019**

Appellant, Luis Gilbert Ortiz-Cruz, appeals from the Judgment of

Sentence entered by the Dauphin County Court of Common Pleas following

his convictions of Possession of Firearm Prohibited and Conspiracy to Commit

Possession of a Controlled Substance with Intent to Deliver.[1] He challenges

the sufficiency of evidence, the denial of his Motion for a Mistrial, and the

admission of prior bad acts evidence. After careful review, we affirm.

We glean the relevant facts from the trial court's Opinion.  *See* Trial Ct.

Op., filed 3/8/19, at 4-7. During the early morning hours of March 31, 2017,

Pennsylvania State Trooper Jay Lownsbery and other members of the

Pennsylvania State Police Special Emergency Team ("SERT") executed a

search warrant at the residence located at 3812 Crooked Hill Road in

_____

[1] 18 Pa.C.S. § 6105(a)(1) and 18 Pa.C.S. § 903, respectively.

Susquehanna Township in connection with suspected narcotics trafficking. The SERT officers arrested eight individuals who had been asleep in various areas of the house: Appellant, Patrick McKenna, Jordy Melendez, Dennison Ortiz-Cruz, Charlie Vasquez, Trisha Santiago, Jonathan Samuel Pizarro-Diaz, and Elizabeth Grimwold.

In the living room, where officers found Patrick McKenna asleep on a futon, officers recovered a loaded 38-caliber Smith & Wesson revolver from an end table. They also recovered an unloaded H&R 32-caliber pistol from beneath a pile of clothing, an unboxed surveillance system, an open metal canister, and drug paraphernalia spread throughout the living room. Throughout the three bedrooms in the house, officers recovered numerous firearms—some loaded with multi-shot magazines, large quantities of ammunition, large quantities of cocaine, large quantities of U.S. currency, small amounts of marijuana and heroin, drug-packaging materials, a coffee grinder with white residue, drug transaction owe sheets, multiple cell phones, receipts reflecting money transfers to Puerto Rico, and body armor. In the bedroom where officers located Appellant and Dennison Ortiz-Cruz, officers discovered a loaded 12-gauge shotgun next to the bed.

In the kitchen, officers found an electronic scale with white residue on it, a vacuum sealer, and a money counter.

The Commonwealth charged Appellant with numerous drug and firearm-related offenses. A joint jury trial commenced on August 13, 2018.[2] After the court gave the jury preliminary instructions, co-defendant, Dennison Ortiz-Gomez, pleaded guilty outside the presence of the jury. Appellant then moved for a mistrial, arguing Ortiz-Gomez's absence would prejudice the jury. The court denied Appellant's motion and gave the jury the following cautionary instruction:

> You will notice that Mr. Ortiz-Gomez . . . is no longer here. So I am going to give you an instruction that I want you to follow. The fact that he is no longer here in the courtroom is not something that you [should] consider. His presence is no longer a concern for you, and I instruct you not to allow it to affect your decision or anything that you ultimately decide in this case.
>
> The remaining individuals are due and deserve your full attention and that you give them the right to be adjudged by you fairly and impartially considering only the evidence in this case and nothing outside of this courtroom when you assess their guilt or innocence in this matter.
>
> Likewise, I am going to address that you are about to hear evidence about other individuals who are not in the courtroom who were also charged in this matter. You are not to consider any of them in terms of your determination as to these individuals and their guilt and innocence. As I told you in the very beginning . . . you have to judge each and every individual separately.

N.T. Trial, 8/15/18, at 66-67.

---

[2] Appellant was tried with Jordy Melendez, Dennison Ortiz-Cruz, and Jonathan Samuel Pizarro-Diaz.

Patrick McKenna, Officer Lownsbery, and Dauphin County Detective John Goshert, an expert in street-level narcotics, testified on behalf of the Commonwealth. Jordy Melendez testified for the defense.

Patrick McKenna testified that "all the individuals within the Crooked Hill house, including [Appellant], had their hands on the operations of breaking down the cocaine[,] which involved using scales to weigh out the cocaine, a blender to grind the cocaine into powder form, and plastic one-ounce bags to package the cocaine for sale." Trial Ct. Op. at 13-14.

Goshen testified that evidence of narcotics trafficking included high quantities of narcotics, large amounts of cash, sale paraphernalia, and firearms indicating traffickers' heightened security. *Id*. at 8-9. Examples of sale paraphernalia included scales, blenders, and packaging materials. *Id.* at 9.

On August 18, 2018, a jury convicted Appellant of Possession of Firearm Prohibited and Conspiracy to Commit Possession of a Controlled Substance with Intent to Deliver. The trial court ordered a Pre-Sentence Investigation.

On October 3, 2018, the trial court sentenced Appellant to an aggregate term of seven to twenty years of incarceration. Appellant did not file a post-sentence motion.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

1.    Did the Commonwealth fail to present sufficient evidence to allow a jury to return a verdict of guilty of the charges of Possession of Firearm Prohibited and Criminal Conspiracy to Commit Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver?

2.    Did the trial court err in denying Appellant's motion for mistrial where the prosecutor presented prejudicial evidence, which manifested a necessity for mistrial?

3.    Did the trial court err by allowing the introduction of improper Rule 404(b) evidence through the testimony of cooperating co-conspirators?

Appellant's Br. at 10.

In his first issue, Appellant challenges the sufficiency of evidence supporting his Possession of Firearm Prohibited and Criminal Conspiracy to Commit Possession of a Controlled Substance with Intent to Deliver convictions.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "[O]ur standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Hutchinson*, 164 A.3d 494, 497 (Pa. Super. 2017) (citation omitted). In reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." *Commonwealth v. May*, 887 A.2d 750, 753 (Pa. 2005) (citation omitted). "Further, a conviction may be sustained wholly on circumstantial evidence,

and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

Appellant specifically challenges the evidence supporting the possession element of the Possession of Firearm Prohibited offense. Appellant's Br. at 20-23. Appellant argues that the Commonwealth failed to present sufficient evidence to establish that Appellant constructively possessed the firearm. ***Id.*** Thus, we limit our analysis to this element only.[3]

To sustain a conviction for the crime of Persons Not to Possess Firearms, the Commonwealth must prove that a defendant possessed a firearm and that he had been previously convicted of an enumerated offense that prohibits him or her from possessing, using, controlling, or transferring a firearm. 18 Pa.C.S. § 6105.

This Court has held that "[p]ossession can be found by proving actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Heidler***, 741 A.2d 213, 215 (Pa. Super. 1999). Where a defendant is not in actual possession of the recovered firearm, the

---

[3] The parties stipulated that Appellant had been previously convicted of an enumerated offense that prohibits him or her from possessing, using, controlling, or transferring a firearm.

- 6 -

Commonwealth must establish that the defendant had constructive possession to support the conviction. ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super. 2013).

"We have defined constructive possession as conscious dominion." ***Id.*** (citation and quotation omitted). "We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control." ***Id.*** (citation and quotation omitted). "To aid application, we have held that constructive possession may be established by the totality of the circumstances." ***Id.*** (citation and quotation omitted).

It is well established that, "[a]s with any other element of a crime, constructive possession may be proven by circumstantial evidence." ***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa. Super. 1996). In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the weapon. ***See***, ***e.g.***, ***Commonwealth v. Davis***, 743 A.2d 946, 953-54 (Pa. Super. 1999) (holding evidence was sufficient to prove constructive possession over drugs found in common areas of apartment where defendant entered apartment using his own key, possessed $800 in cash on his person, and police recovered defendant's identification badge, size-appropriate clothing, and firearms from a bedroom).

It is insufficient to infer "dominion and control" when the Commonwealth only provides evidence of the defendant's presence. ***See Commonwealth v.***

*Valette*, 613 A.2d 548, 551 (Pa. 1992) (holding mere presence at a place where contraband is found or secreted is insufficient standing alone to prove constructive possession). Moreover, if the only inference that the fact-finder can make from the facts is a suspicion of possession, the Commonwealth has failed to prove constructive possession. *Id.* "It is well settled that facts giving rise to mere 'association,' 'suspicion' or 'conjecture,' will not make out a case of constructive possession." *Id.*

> The trial court addressed the sufficiency challenge as follows:
>
> Trooper Lownbery testified that upon entry into [Appellant]'s bedroom, a loaded 12-gauge shotgun was observed in plain view next to [Appellant]'s bed. In addition to the firearm found in [Appellant]'s bedroom, nine (9) other firearms were found throughout the Crooked Hill residence. [Patrick] McKenna testified that given the dangerous nature of narcotics trafficking, individuals within the Crooked Hill residence, including [Appellant] felt the need to carry firearms by their sides at all times.
>
> * * *
> In viewing the testimony and evidence in its entirety, along with the stipulation that [he] was convicted of an offense which prohibited him from possession a firearm . . . , the evidence [was] sufficient to sustain [Appellant]'s conviction for [P]ossession of [F]irearm [P]rohibited."

Trial Ct. Op., dated 3/8/19, at 11-12.

Considering the totality of the circumstances, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court's conclusion that the Commonwealth proffered sufficient evidence from which the jury could draw a reasonable inference that Appellant

constructively possessed a firearm. Appellant is not, therefore, entitled to relief on this claim.

Appellant also challenges the evidence supporting his Conspiracy to Commit Possession of a Controlled Substance with Intent to Deliver conviction. Appellant's Br. at 23. He contends the Commonwealth failed to proffer evidence that he and co-defendants had entered into an agreement, and that he was connected to the drug paraphernalia or owe sheets found in the house. *Id.* at 24.

To prove the offense of Possession of a Controlled Substance with Intent to Deliver, the Commonwealth must demonstrate beyond a reasonable doubt that: (1) the accused possessed a controlled substance; and (2) the accused had the intent to deliver it to another. **Commonwealth v. Taylor***,* 33 A.3d 1283, 1288 (Pa. Super. 2011). Where a defendant is not in actual possession of the recovered contraband, the Commonwealth must establish by the totality of the circumstances that the defendant had constructive possession to support the conviction. **Hopkins***,* 67 A.3d at 820. As discussed above, constructive possession may be proven by circumstantial evidence. **Haskins***,* 677 A.2d at 330. Additionally, the power to control the contraband "may be found in one or more actors where the item in issue is in an area of joint control and equal access." **Valette***,* 613 A.2d at 550.

To sustain a conviction for criminal conspiracy, the Commonwealth must demonstrate beyond a reasonable doubt that the Appellant: (1) entered into

an agreement to commit or aid in an unlawful act with another; (2) with a shared criminal intent; and (3) an overt act in furtherance of the conspiracy was done. **Commonwealth v. Feliciano**, 67 A.3d 19, 25–26 (Pa. Super. 2013). The conduct of the parties and the totality of circumstances may create a web of evidence linking the defendant to the alleged conspiracy beyond a reasonable doubt. **Id.** The conspiratorial agreement can be inferred from a variety of circumstances, including the relationship between the parties, knowledge of the crime, participation in the crime, and the circumstances and conduct of the parties. **Id.**

> The trial court addressed the sufficiency challenge as follows:
>
> On March 31, 2017, [Appellant] was found inside the Crooked Hill residence during the SERT Team's execution of the search warrant. Within the residence, officers seized roughly one (1) kilogram of cocaine, over $10,000 in U.S. currency, ten (1) firearms, a variety of ammunition, twenty-five (25) cellular phones, ballistic gear and sale paraphernalia, such as electronic scales, a blender, a money counter, and various packaging materials. [Patrick] McKenna testified that all the individuals within the Crooked Hill house, including [Appellant], had their hands on the operations of breaking down the cocaine. This process involved using scales to weigh out the cocaine, a blender to grind the cocaine into powder form, and plastic one-ounce bags to package the cocaine for sale. The testimony of [Patrick] McKenna regarding preparation of cocaine was sufficient to show a shared intent and an implicit agreement between the Crooked Hill residents, as well as establish overt acts perpetrated in furtherance of the conspiracy . . . to possess with intent to deliver cocaine.

Trial Ct. Op. at 13-14.

Considering the totality of the circumstances, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree

- 10 -

with the trial court's conclusion that the Commonwealth proffered sufficient evidence from which the jury could draw a reasonable inference that Appellant Conspired to Commit Possession of a Controlled Substance with Intent to Deliver conviction. Appellant is not, therefore, entitled to relief on this claim.

In his second issue, Appellant contends the trial court erred in denying his Motion for a Mistrial. Appellant's Br. at 24. Appellant argues he was prejudiced by co-defendant, Dennison Ortiz-Gomez's absence at trial, after Ortiz-Gomez had pleaded guilty. *Id.* at 25. Appellant asserts that the jury improperly inferred that he was "as guilty [Ortiz-Gomez] who entered a guilty plea." *Id.*

We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Commonwealth v. Bryant*, 67 A.3d 716, 728 (Pa. 2013). A mistrial is appropriate "only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." *Id.* at 728 (quotation marks and citation omitted).

Additionally, "[i]t is well-settled that guilty pleas of co-defendants cannot be considered as evidence against those who are on trial, because the defendant has a right to have his guilt or innocence determined by the evidence presented against him, not by what has happened with regard to a criminal prosecution against someone else." *Commonwealth v. Geho*, 302 A.2d 463, 465-66 (Pa. Super. 1973) (citations, brackets and quotations

omitted). "It is incumbent, therefore, upon the trial judge to give adequate and clear cautionary instructions to the jury to avoid guilt by association as to the defendant being tried." *Id.* at 466 (quotations omitted).

Following our review of the record, we find that the trial court properly exercised its discretion in denying Appellant's Motion. After Dennison Ortiz-Gomez pleaded guilty outside the presence of the jury, the jury was not informed that Oritz-Gomez had pleaded guilty and the court gave the jury adequate and clear cautionary instructions to avoid guilt by association. *Geho*, 302 A.2d at 465-66. This claim, therefore, does not garner Appellant relief.

In his third issue, Appellant asserts the trial court erred by allowing the improper Rule 404(b) evidence through the testimony of cooperating co-conspirators. Appellant's Br. at 25. In support of this claim, Appellant simply states that "[Patrick McKenna]'s testimony was unfairly prejudicial because it pertained to prior bad acts that had no relevance." *Id.* at 25-26. He does not support this assertion with any citations to the certified record to clarify what testimony he is challenging and likewise fails to cite where, in fact, he preserved these challenges for appeal. *See* Pa.R.A.P. 2119(c) (requiring that if reference is made to the record, it must be accompanied by a citation to the record); Pa.R.A.P. 2119(d) (requiring citation to where the issue was raised or preserved in the lower court). Without citation to the record, this Court is unable to analyze whether the trial court erred in admitting specific testimony

and whether Appellant preserved these challenges for appeal. *See Commonwealth v. Harris*, 979 A.2d 387, 393 (Pa. Super. 2009) ("When an allegation is unsupported [by] any citation to the record, such that this Court is prevented from assessing this issue and determining whether error exists, the allegation is waived for purposes of appeal."). Accordingly, we find this issue to be waived.

Judgement of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2019