J. S71007/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHAWN EDWARD MEHAFFEY, | : | No. 770 MDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 1, 2014,
in the Court of Common Pleas of Lancaster County
Criminal Division at Nos. CP-36-CR-0001185-2010,
CP-36-CR-0002465-2010, CP-36-CR-0002495-2010,
CP-36-CR-0004551-2010, CP-36-CR-0005607-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHAWN E. MEHAFFEY, | : | No. 966 MDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 1, 2014,
in the Court of Common Pleas of Lancaster County
Criminal Division at Nos. CP-36-CR-0000047-2014,
CP-36-CR-0002940-2013, CP-36-CR-0003453-2012,
CP-36-CR-0003864-2012, CP-36-CR-0004930-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 23, 2015**

Appellant, Shawn Edward Mehaffey, brings these appeals from the

judgment of sentence to serve a term of imprisonment of 4½ to 9 years'

_____

* Former Justice specially assigned to the Superior Court.

incarceration after pleading guilty to multiple counts of retail theft, criminal conspiracy, and possession of drug paraphernalia.[1] We affirm.

The relevant facts and procedural history of this case have been succinctly and correctly set forth in the trial court opinion. Therefore, we have no need to re-state them.

Appellant raises the following issue for our review: "Was an aggregate sentence of four and one-half to nine years' incarceration manifestly excessive and clearly unreasonable under the circumstances of this case?" (Appellant's brief at 6.)

A challenge to the discretionary aspects of sentence requires appellant to comply with the mandates of Pa.R.A.P. 2119(f) and **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987), and provide a separate concise statement of the reasons relied upon for the allowance of appeal with regard to the discretionary aspects of sentence. The brief filed by appellant does contain the required statement. Appellant complains the trial court failed to consider the non-violent nature of his crimes along with his individual circumstances. (Appellant's brief at 12.) Appellant has raised a substantial question. **See Commonwealth v. Ahmad**, 961 A.2d 884, 887 (Pa.Super. 2008) (finding the appellant's claim that the sentencing court abused its discretion by failing to consider his individualized circumstances in its

---

[1] By order dated July 24, 2014, this court consolidated **sua sponte** the appeals brought at the above-referenced docket numbers.

imposition of sentence in violation of the Sentencing Code raised a substantial question).

After careful review of the briefs submitted by counsel and the record in this matter, we find that the Honorable David L. Ashworth has so thoroughly addressed and properly rejected the issue raised by appellant that further discussion of the issue would be purposeless. Accordingly, we adopt the opinion of the trial court as fully dispositive of the issue raised on appeal. Hence, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2015

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA :

     v. :   Nos. 0047-2014, 4930-2013, 2940-2013
               3864-2012, 3453-2012

SHAWN EDWARD MEHAFFEY :

**OPINION SUR PA. R.A.P. 1925(a)**

BY:   ASHWORTH, J., JULY 7, 2014

Shawn Edward Mehaffey has filed a direct appeal to the Superior Court of

Pennsylvania from the judgment of sentence imposed on April 1, 2014, as finalized by

the denial of his post sentence motion by order dated May 6, 2014. This Opinion is

written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, and

for the following reasons, this Court requests that this appeal be denied.

I.   **Procedural Background**

The relevant facts and procedural history may be summarized as follows. On

June 27, 2012, Appellant was arrested and ultimately charged at Information Nos.

3453-2012 and 3864-2012 with one count of retail theft (F-3)[1] on each docket.

Thereafter, Appellant applied for acceptance into the Lancaster County Court of

Common Pleas Adult Drug Court Program.[2] After completion of a drug and alcohol

---

[1] 18 Pa. C.S.A. § 3929(A)(1).

[2] The Drug Court Program is a post-plea deferred sentencing program. It provides the
participant an opportunity to pursue treatment for his or her addiction(s), while productively
addressing associated legal problems. Program participants, once accepted, have frequent

assessment and review by the Drug Court Team, Appellant was accepted into the Drug Court Program and received a notice to appear before the undersigned to enter a guilty plea to the 2012 charges and commence participation. Accordingly, on October 9, 2012, as part of his acceptance into Drug Court, Appellant entered a plea of guilty to the two counts of retail theft at Information Nos. 3453-2012 and 3864-2012. Sentencing was deferred pending Appellant's successful completion of the treatment court.

At the same time, Appellant also appeared before this Court for a parole and probation violation hearing on Information Nos. 5607-2011, 4551-2010, 2465-2010, 2495-2010 and 1185-2010.[3] This Court found Appellant in violation of his parole and probation and recommitted Appellant to serve the unexpired balance of his parole sentences. It was further ordered that the consecutive periods of probation on each docket remain. Finally, Appellant was ordered to successfully complete the Drug Court Program.

---

contact with the undersigned as the Drug Court Judge, and with the probation officer, and treatment providers. They are required to complete a Four Phase program culminating with graduation. The Phase program was designed to be completed in one year. Following graduation, a participant, when appropriate, may petition the court to have his or her charges dismissed, and/or reduced or record expunged.

Program participants are expected to complete and participate in numerous pro-social, treatment-oriented activities. These include: AA/NA meetings, group and individual therapy, weekly court appearances, probation appointments, and urine testing. Drug Court participants receive sanctions if they violate Drug Court program rules or fail to achieve Phase requirements. Possible violations include: missed appointments, failed or adulterated urine tests, new arrests/charges and lack of participation in treatment. Sanctions are imposed relative to the violation, and include demotion in Phase, fines, curfew restrictions, incarceration, and termination from the Drug Court Program.

[3] Appellant was on supervision for convictions for retail theft charges on these dockets.

2

Appellant was paroled on October 16, 2012, to a representative of the White Deer Run-Cove Forge Drug and Alcohol Rehabilitation Center. After completing treatment at White Deer Run, Appellant went directly to the Gatehouse for Men on November 29, 2012. He left the Gatehouse, against medical advice, on January 23, 2013 (a violation of # 8 of the Drug Court participant contract). Appellant was sanctioned to Lancaster County Prison (LCP) for one week.

Appellant admitted to the use of crack cocaine on February 12, 2013 (a violation of # 18 of the Drug Court participant contract). He then missed a probation appointment on February 14, 2013 (a violation of # 26 of the Drug Court participant contract) and drug testing on February 19, 2013 (a violation of # 19 of the Drug Court participant contract). He did report for his court review hearing on February 19, 2013, and was sanctioned to LCP for two weeks.

Appellant remained incarcerated while the Drug Court Team arranged for placement in an inpatient treatment facility. He was paroled directly to Keenan House on March 12, 2013. He left Keenan House, against medical advice, on April 21, 2013. He was not sanctioned for leaving treatment because the reason for his departure was due to his father's poor health and eventual death.

Appellant then failed to report for weekend testing on April 28, 2013 (a violation of # 19 of the Drug Court participant contract) and failed to report to his probation appointment on April 29, 2013 (a violation of # 26 of the Drug Court participant contract). On May 7, 2013, Appellant failed to report for testing prior to court (a violation of # 19 of the Drug Court participant contract) and failed to report for his court

review hearing (a violation of # 5 of the Drug Court participant contract). A bench warrant was issued for his arrest at that time.

Appellant was eventually arrested on June 5, 2013, for retail theft[4] and placed in LCP (a violation of # 12 of the Drug Court participant contract). This new charge was docketed to Information No. 2940-2013. Appellant reported to his court review hearing on June 7, 2013, and was remanded to LCP.

Appellant returned to Keenan House on June 28, 2013, for a 90-day inpatient rehabilitation program. While there, Appellant was charged on July 17, 2013, at Information No. 4930-2013 with a retail theft that occurred on May 23, 2013.[5] Appellant completed treatment at Keenan House on September 25, 2013, and was immediately transferred back to the Gatehouse.

Appellant left the Gatehouse, against medical advice, for the second time on October 25, 2013 (a violation of # 8 of the Drug Court participant contract). Again, he failed to report for testing prior to court (a violation of # 19 of the Drug Court participant contract) and then failed to report for his court review hearing (a violation of # 5 of the Drug Court participant contract) on October 29, 2013. A bench warrant was issued for his arrest at that time.

Appellant was eventually arrested again on retail theft charges (a violation of # 12 of the Drug Court participant contract) on November 25, 2013, and placed in LCP.

_____

[4]18 Pa. C.S.A. § 3929(A)(1).

[5]On this docket, Appellant was charged with retail theft (F-3), 18 Pa. C.S.A. § 3929(A)(1) (two counts), criminal conspiracy (F-3), 18 Pa. C.S.A. § 903(C), and driving while operating privileges are suspended or revoked (S), 75 Pa. C.S.A. § 1543(B)(1).

4

These new charges of retail theft (F3) and possession of drug paraphernalia (M)[6] were docketed to Information No. 0047-2014. Ultimately, on November 26, 2013, Appellant was discharged from the Drug Court Program and remanded to LCP.

Consequently, a capias was filed on December 20, 2013, charging Appellant with violating his parole and probation by failing to successfully complete the Drug Court Program. Appellant had completed the parole portion of his split sentences on Information Nos. 4551-2010, 2465-2010, 2495-2010, and 1185-2010 and was serving the periods of consecutive probation. Appellant was still serving the parole portion of his split sentence on No. 5607-2011.

On January 28, 2014, Appellant appeared for a probation and parole violation hearing on Information Nos. 5607-2011, 4551-2010, 2465-2010, 2495-2010, and 1185-2010. At that time, Appellant was found in violation of his parole and probation on No. 5607-2011, and probation on Nos. 4551-2010, 2465-2010, 2495-2010, and 1185-2010. Sentencing was deferred pending the completion of a presentence investigation (PSI) report.

At the same time, Appellant entered a guilty plea on Information Nos. 2940-2013 and 0047-2014. These pleas were accepted and sentencing was deferred pending the completion of the PSI report.

On April 1, 2014, Appellant appeared before this Court and was sentenced on the 2012 charges pursuant to his termination from Drug Court. He also stood for sentencing on the 2010 and 2011 charges that were brought under the supervision of

---

[6]18 Pa. C.S.A. § 3929(A)(1), and 35 Pa. C.S.A. § 780-113(A)(32), respectively.

5

Drug Court, as well as the new retail theft charges from 2013. At the same time, Appellant's guilty plea on the retail theft and criminal conspiracy charges at No. 4930-2013 was accepted by the Court.

Appellant received the following sentence: (1) on Information No. 4930-2013, a concurrent term of incarceration of one to two years for the retail theft and conspiracy charges[7]; (2) on No. 0047-2014, concurrent terms of incarceration of one to two years for retail theft and six to twelve months for possession of drug paraphernalia; (3) on No. 2940-2013, a term of incarceration of one to two years; (4) on No. 3453-2012, a term of incarceration of one to two years; (5) on No. 3864-2012, a term of incarceration of one to two years; (6) on No. 4551-2010, a term of incarceration of six to twelve months; (7) on No. 2465-2010, a term of incarceration of one and one-half to three years; (7) on No. 2495-2010, a term of incarceration of one and one-half to three years; (8) on No. 1185-2010, a term of incarceration of one and one-half to three years; and (9) on No. 5607-2011, the unexpired balance of his sentence with immediate eligibility for parole.

The parole and probation sentences were to run concurrently with each other. The sentences on Information Nos. 2940-2013 and 0047-2014 were run concurrently with each other but consecutively to the parole and probation violation sentences. The sentences on Nos. 3453-2012 and 3864-2012 were run concurrently with each other but consecutively to the sentences on Nos. 2940-2013 and 0047-2014, and the parole and probation violation sentences. The sentences on No. 4930-2012 were run concurrently with each other but consecutively with the other sentences imposed.

---

[7]The summary driving offense was *nolle prossed* by the Commonwealth.

6

Accordingly, an aggregate sentence of four and one-half to nine years' incarceration was imposed. Appellant received credit for all time served in prison on any of the charges.

On April 11, 2014, Appellant filed a timely motion to modify sentence in which he claimed the sentences, individually, and when considered as an aggregate, constituted a manifest abuse of discretion and were clearly unreasonable considering the circumstances presented at sentencing and in the PSI. Appellant sought an aggregate sentence of one to three years' incarceration. The Commonwealth filed a timely response to Appellant's motion on April 23, 2014, in which it claimed the sentence imposed was legal, and not manifestly unjust.

Before this Court could act on the motion, Appellant filed a direct appeal with the Superior Court of Pennsylvania on May 1, 2014, as to the probation and parole violations at Information Nos. 5607-2011, 4551-2010, 2495-2010, 2465-2010 and 1185-2010. Pursuant to this Court's directive, Appellant furnished a concise statement of matters complained of on appeal which challenged the discretionary aspect of his sentence only. (*See* May 23, 2014, Statement of Errors at ¶ 1.) An opinion pursuant to Pa. R.A.P. 1925(a) was filed on June 4, 2014, addressing the sentencing issue.

By Order of May 6, 2014, Appellant's motion to modify sentence was denied as to Nos. 0047-2014, 4930-2013, 3864-2012, 3453-2012, and 2940-2013. Appellant filed a timely notice of appeal from that Order on June 5, 2014. Pursuant to this Court's directive, Appellant furnished a concise statement of matters complained of on appeal which again challenges only the sentence imposed in this case but on three grounds: (1) "[t]he sentence imposed by the Court was so manifestly excessive as to constitute

7

too severe a punishment" and "is unreasonable given the nature of the crimes committed and the circumstances of the cases"; (2) the sentence "was not consistent with the protection of the public, the gravity of the offenses, and the rehabilitative needs of the [Appellant]"; and (3) "[t]he Court failed to impose an individualized sentence which took into consideration [Appellant's] circumstances." (*See* June 30, 2014, Statement of Errors at 1.)

## II.    Discussion

Appellant's sole argument on appeal relates to his sentencing. The sentence imposed by this Court on Appellant is within the permissible statutory maximums and, therefore, clearly is a legal sentence.[8] Appellant asserts that it nonetheless is a manifestly excessive one. With this issue, Appellant is challenging the discretionary aspect of his sentencing. **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013). Such challenges must be raised in a post-sentence motion or during the sentencing proceedings, or they are waived. Id. *See also* Pa. R.A.P. 302(a). Appellant did raise this claim in his motion to modify sentence; therefore, this claim is preserved for appeal.

---

[8]Appellant faced a maximum sentence of 14 years' incarceration at Docket No. 4930-2013 for the third degree felonies of retail theft and criminal conspiracy (Notes of Testimony (N.T.), Sentencing at 4-5), a maximum sentence of 15 years' incarceration for the two retail thefts (F-3) and possession of drug paraphernalia (M) charged at Docket Nos. 2940-2013 and 0047-2014, and a maximum sentence of 14 years' incarceration for the two retail thefts (F-3) charged at Docket Nos. 3864-2012 and 3453-2012. Appellant's aggregate sentence of four and one-half to nine years' incarceration was within the statutory maximums. Thus, Appellant cannot claim his sentence was illegal.

8

However, even when the discretionary aspects of a judgment of sentence are properly challenged, there is no automatic right to appeal. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (*citing* **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000)). Two requirements must be met before such a challenge will be heard on the merits. First, the appellant must set forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Id. (*citing* Pa. R.A.P. 2119(f)). Second, he must show that "there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa. C.S.A. § 9781(b)." Id. (*quoting* **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Id. (*citing* **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007)). Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court that were either (1) inconsistent with a specific provision of the Sentencing Code or (2) contrary to the fundamental norms underlying the sentencing process. Id. (*citing* **Sierra**, *supra* at 912-13). Only then do the facts require a grant of allowance of appeal of the discretionary aspects of the sentence.

In this case, Appellant has filed with this Court a timely statement of matters complained of on appeal in which he raises a discretionary aspect of sentence claim. I will assume for purposes of this appeal that Appellant will likewise satisfy the requirements of Pa. R.A.P. 2119(f) by filing a separate concise statement with the Superior Court. Additionally, Appellant has averred that the trial court imposed a

9

sentence in violation of a particular provision of the Sentencing Code. Specifically, Appellant claims a sentence of four and one-half to nine years' incarceration was not consistent with the protection of the public, the gravity of the offenses, and the rehabilitative needs of the criminal defendant, as required by 42 Pa. C.S.A. § 9721(b).[9] Thus, as Appellant has challenged his sentence imposed under 42 Pa. C.S.A. § 9721(b), which is a specific provision of the Sentencing Code, he has raised a substantial question on appeal and I will address the merits of Appellant's discretionary aspect of sentence claim.

I begin by noting that sentencing is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. **Commonwealth v. Wall**, 592 Pa. 557, 564, 926 A.2d 957, 961 (2007). An abuse of discretion is more than an error in judgment. A sentencing court has not abused its discretion "unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." Id. (*quoting* **Commonwealth v. Smith**, 543 Pa. 566, 571, 673 A.2d 893, 895 (1996)).

In considering whether a sentence was manifestly excessive or unreasonable the appellate court must give great weight to the sentencing judge's discretion, as he or she is in "the best position to determine the proper penalty for a particular offense

---

[9]Section 9721(b) provides in pertinent part:
In selecting from the alternatives set forth for subsection (a) the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . .
42 Pa. C.S.A. § 9721(b).

based upon an evaluation of the individual circumstances before it." **Wall**, *supra* at

565, 926 A.2d at 961 (*quoting* **Commonwealth v. Ward**, 524 Pa. 48, 568 A.2d 1242,

1243 (1990)). *See also* **Commonwealth v. Ellis**, 700 A.2d 948, 958 (Pa. Super. 1997)

(noting that the sentencing court is in the best position to measure various factors such

as the nature of the crime, the defendant's character, and the defendant's display of

remorse, defiance or indifference).

In clarifying the proper standard of appellate review of a sentencing court's

imposition of sentence, our Supreme Court has noted:

> Simply stated, the sentencing court sentences flesh-and-blood
> defendants and the nuances of sentencing decisions are difficult
> to gauge from the cold transcript used upon appellate review.
> Moreover, the sentencing court enjoys an institutional advantage
> to appellate review, bringing to its decisions an expertise,
> experience, and judgment that should not be lightly disturbed.
> Even with the advent of the sentencing guidelines, the power of
> sentencing is a function to be performed by the sentencing court.
> . . . Thus, rather than cabin the exercise of a sentencing court's
> discretion, the guidelines merely inform the sentencing decision.

**Wall**, *supra* at 565, 926 A.2d at 961-62 (footnote omitted; citations omitted).

The assertion that Appellant's sentence is "so manifestly excessive as to

constitute too severe a punishment" and is "unreasonable given the nature of the

crimes committed and the circumstances of the case" (*see* June 30, 2014, Statement of

Errors at 1), is without any support in the record or the facts of this case. Given the

sheer number of criminal acts committed in this case, as well as Appellant's total

exposure as far as lawful maximums and potential consecutive sentences, the

judgment exercised in this case was neither manifestly unreasonable, nor the result of

partiality, prejudice, bias or ill-will, and, as such, the Court did not abuse its discretion.

11

The sentence imposed was neither "clearly unreasonable" nor so manifestly excessive as to constitute too severe a punishment. *See* **Commonwealth v. Mouzon**, 571 Pa. 419, 430-31, 812 A.2d 617, 625 (2002).

Reduced to its essence, Appellant's sole claim on appeal is that the only "reasonable" sentence that he could have received for his many crimes at the five different dockets at issue in this appeal is one that runs entirely concurrently. Appellant was facing sentencing on six felony charges and a misdemeanor drug charge. The number of crimes which he committed between 2012 and 2013 while in the Drug Court program could not be ignored by making all of the sentences concurrent with one another.

Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the "minimum possible" confinement. **Walls**, *supra* at 570, 926 A.2d at 965. In fact, our appellate courts have expressed disapproval of routinely running sentences concurrently lest criminals receive a "volume discount" for their separate criminal acts. *See* **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013) (*citing* **Commonwealth v. Hoag**, 445 Pa. Super. 455, 665 A.2d 1212 (1995) (stating an appellant is not entitled to "volume discount" for his crimes by having all sentences run concurrently)). Consecutive sentences will be overturned only if the sentence imposed was "clearly unreasonable." **Commonwealth v. Fiascki**, 886 A.2d 261, 264 (Pa. Super. 2005). "A sentence is 'clearly unreasonable' if it 'violates the requirements and goals of the [Sentencing] Code.'" Id.

12

Long standing precedent recognizes that 42 Pa. C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed, upon consideration of the individual circumstances concerning the defendant and the many crimes he committed. *See* **Commonwealth v. Johnson**, 961 A.2d 877, 880 (Pa. Super. 2008) (*citing* **Commonwealth v. Marts**, 889 A.2d 608, 612 (Pa. Super. 2005)). *See also, for example,* **Commonwealth v. Diaz**, 867 A.2d 1285, 1288 (Pa. Super. 2005) (affirming aggregate sentence of 12 to 24 years imposed upon 74-year-old appellant where court did not sentence on all forty-two counts, but rather, sentenced him to three consecutive terms for each year of three year span of criminal activity); **Commonwealth v. Boyer**, 856 A.2d 149, 154 (Pa. Super. 2004), *aff'd*, 586 Pa. 142, 891 A.2d 1265 (2006) (affirming aggregate sentence of 26 to 100 years of imprisonment for ten robbery and related convictions where court considered presentence report and the particular circumstances of the crimes).

It should be noted that most of Appellant's sentences were made concurrent. All of the sentences on his probation/parole violations (Nos. 1185-2010, 2465-2010, 2495-2010, 4551-2010, and 5607-2011) were combined for a net sentence of only one and one-half to three years' incarceration. The two new retail theft (F3) charges at Nos. 2940-2013 and 0047-2014 were combined for a sentence of one to two years' incarceration. Appellant was also sentenced to a concurrent term of one to two years' incarceration on the 2012 Drug Court charges of retail theft (F3) at Nos. 3864-2012 and 3453-2012. Finally, Appellant received a concurrent sentence of one to two years'

13

incarceration for the retail theft and conspiracy charges at No. 4930-2013. Appellant received a net sentence of four and one-half to nine years' incarceration because the sentences on the probation/parole violations (2010 and 2011 charges) and the new charges (2013 and 2014 charges) and the Drug Court charges (2012 charges) and No. 4930-2013 were made consecutive to each other. As explained to Appellant at his sentencing:

> The bottom line . . . is your past has finally caught up with you. There's only so much that can be done. You don't get a volume discount. And what I've tried to do is I've tried not to simply sentence you consecutive on all of these.
> The PVs are concurrent because they were done in the past. . . . The drug court charges are concurrent because they were when you came into drug court, and the charges that you incurred while you were in drug court are concurrent, and the new charge.
> But those four separate categories are consecutive, because . . . all of them were separate and distinct acts on your part, but they were four separate categories. You don't get to commit this many crimes and to do this many things and simply have one to two years in state prison. That's just not the way it's going to work.

(N.T., Sentencing at 21-22.) This Court's decision to impose consecutive rather than concurrent sentences resulted from a dispassionate, balanced and scrupulous review of the entire record in this case. Appellant's sentence was neither so manifestly excessive as to constitute too severe a punishment nor unreasonable given the nature of the crimes committed and the circumstances of the cases.

Appellant further claims that the Court failed to impose an individualized sentence which took into consideration Appellant's circumstances. (*See* June 30, 2014, Statement of Errors at 2.) This Court is very familiar with Appellant's circumstances having supervised him on a weekly basis since his admission into Drug Court in October of 2012. Still, Appellant argues that the Court failed to consider

14

certain factors that would have mitigated against a sentence in the state correctional institution. First, "[Appellant] is forty-two years old and has struggled with drug addiction for the past twenty-one years," and the "vast majority of his criminal history is related to his drug addiction." (Id.) Second, "[Appellant] has successfully completed an intensive drug and alcohol treatment program, demonstrating both his commitment to beating his addiction and the fact that he is able to abstain from drug use when in a structured environment." (Id.) Third, "[Appellant's] father passed away while [Appellant] was participating in the Lancaster County Drug Court Program and [Appellant] relapsed and was unsuccessfully discharged from that program shortly thereafter." (Id.)

It is clear that in fashioning this sentence the Court did consider the individual circumstances concerning Appellant and the many crimes he committed. As noted at the sentencing hearing, the Court took into account the following factors: Appellant's age (42); his family history; his adult criminal record starting in 1993; his educational background, having graduated from high school; his alcohol and substance abuse history, starting with his use of marijuana at the age of 13, alcohol at the age of 14, and cocaine at the age of 18; and his sporadic employment history.[10] With regard to his extensive criminal history, Appellant's sentencing in April 2014 marked his 23rd appearance before the Court, included ten prior probation and parole violations. (N.T., Sentencing at 20-21.)

---

[10]Due to Appellant's poor work history since 2002, he owes a total of $17,752.76 in child support arrears for his child, and further owes $18,086.27 in fines, costs and restitution, resulting from his significant prior criminal record.

15

It is also clear from the record that this Court carefully considered the entire pre-sentence investigation report. (N.T., Sentencing at 21.) As our Superior Court noted:

> Since the sentencing court had and considered a presentence report, this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case. **Commonwealth v. Boyer**, 856 A.2d 149 (Pa. Super.2004). In **Boyer**, we stated: 'In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. . . .'

**Commonwealth v. Fowler**, 893 A.2d 758, 766-67 (Pa. Super. 2006).

Furthermore, the Court took into consideration Appellant's comments at the sentencing hearing and his letter of March 16, 2014, to the Court, as well as defense counsel's comments on behalf of Appellant. (N.T., Sentencing at 7-11, 21.) Counsel reiterated that Appellant has struggled with a drug addiction throughout most of his adult life and has been addicted to crack cocaine since the age of 21. (Id. at 8.) He stressed that Appellant's prior criminal history is related to his drug addiction, and that the incidents that led to his retail theft convictions these last several years involved him stealing to get money to support his drug addiction. (Id.) To the extent that Appellant argues that the trial court did not adequately consider these mitigating factors, *i.e.*, "[Appellant's] age [and] personal characteristics or life circumstances, which were presented in the presentence investigation report and by counsel" (*see* Motion to Modify at ¶ 8), such a claim is not supported by the record and, in any case, does not raise a

16

substantial question. **Commonwealth v. Hanson**, 856 A.2d 1254, 1257-58 (Pa. Super. 2004).

Lastly, Appellant contends that the sentence was not consistent with the protection of the public, the gravity of the offenses, and his rehabilitative needs. I begin by noting that when "sentencing an appellant, the trial court is permitted to consider the seriousness of the offense and its impact on the community." **Commonwealth v. Roden**, 730 A.2d 995, 998 (Pa. Super. 1999). Appellant has a 21-year history of committing crimes in this County. Three new sets of charges occurred during the year while Appellant was under the care and supervision of Drug Court. (N.T., Sentencing at 12.) As the Drug Court prosecutor noted: "It shows society needs to be protected from [Appellant]. . . . He needs to be incarcerated at this point to protect society as much as to keep him off the streets where he can hurt himself." (Id. at 12-13.)

In sentencing Appellant to a period of incarceration in the state correctional institution, I explained the obligation to balance the need to protect the community against Appellant's need to get clean and sober:

> . . . [T]he bottom line is we've run out of resources. We've done everything that we can.
> And to think that simply sentencing you to another outpatient program and think that you're going to be successful and protect the community from you continuing to commit crimes, well, the evidence isn't there.
>
> . . .
>
> . . . [A]s much as I would like to afford you and anybody else the opportunity to get clean and sober, there's a point at which, as a judge in the Court of Common Pleas of Lancaster County, I have to look out for the welfare of the community.
> I can't allow these crimes to continue. . . . I have to look out for . . . the community, and you've demonstrated that up to this point you haven't been able to stop. You haven't been able to stop using, and you haven't been able to stop stealing. So the bottom line is you sort of backed me into a corner here.

17

(N.T., Sentencing at 23-24.)

Appellant suggests that the Court should have sentenced him to a lesser time of incarceration and paroled him to an intensive drug and alcohol treatment program because "he is able to abstain from drug use when in a structured environment." (*See* June 30, 2014, Statement of Errors at 2.) The fact that Appellant disagrees with the sentencing court's conclusion regarding his rehabilitative potential does not render the sentence imposed an abuse of discretion. *See* **Commonwealth v. Gibson**, 716 A.2d 1275, 1279 (Pa. Super. 1998) (sentence of 10 to 20 years' imprisonment imposed for convictions of controlled substance possession with intent to deliver and conspiracy, which was outside sentencing guidelines, was appropriate where defendant was extensively involved in drugs at an early age, disregarded earlier opportunity to reform, failed to comply with court's previous sentencing orders, lost his job due to use of drugs, and spent his money on drugs rather than support his children).

This Court obviously considered the fact that Appellant was accepted into the Drug Court Program in 2012 and provided with an opportunity to get clean and sober and live a law-abiding, productive life. A treatment plan was developed specifically for Appellant. He was offered many chances to remain on probation in the Drug Court program, but he failed to take advantage of them. Appellant continued to make extremely poor decisions and chose to reject the opportunities provided to him in Drug Court. He made the conscious decision to hold on to his addictive behaviors and to commit crimes. However, instead of being incarcerated for his new felony offenses committed while under supervision, Appellant was allowed to remain in the community. Despite many warnings from this Court and several sanctions, including jail time,

18

Appellant did not comply with the terms of his treatment plan. He checked himself out of his drug rehabilitation programs twice, against medical advice.

Appellant has exhausted his rehabilitative opportunities at the County level. Furthermore, his history demonstrates he is simply not amenable to further community supervision.[11] Appellant will continue to be involved with drugs and is a significant risk to commit crimes if not incarcerated. Therefore, a sentence was imposed to protect the community from Appellant's criminal behavior, as well as to protect Appellant from his own self-destructive behavior. I note that Appellant's sentence was structured to allow him to receive further drug and alcohol treatment at the state level and to hold him accountable for his lifestyle choices. (*See* N.T., Sentencing at 22-23.)

Appellant's rehabilitative needs clearly have been considered by virtue of his original admission into the Drug Court program and by his continued participation in the program for over one year despite his relapses and criminal activity. As I stated to Appellant at the sentencing hearing: "[A state prison sentence] is the best I can do

---

[11]The prosecutor reminded the sentencing court and Appellant of the many opportunities presented to Appellant by the Drug Court program and of Appellant's consistent refusal to comply with his treatment plan:

> He says he does well in structure except he did not do well in structure at all. He left The Gate House against medical advice, while he was out, used drugs. He . . . didn't show up for court. Twice we had to issue bench warrants.
>
> Keenan House, he left there, got back out, used drugs, didn't show up for court. Another bench warrant, got picked up.
>
> We gave him another chance, and back to Keenan House, finished that, went to Gate House, left Gate House against medical advice, picked up a third set of charges while he was in drug court, continued to use.
>
> At no point do I see anywhere where he had done well in treatment or in structure. Three sets of new charges while in drug court is beyond belief to me.
>
> The fact he continued to leave against medical advice, the fact he continued to use drugs shows that he has not got the tools that he needs to cope with society.

(N.T., Sentencing at 12.)

19

given the situation we've got. . . . I hope you get clean and sober, and I hope you get your life straightened out. We've tried everything else. This is the next best thing we can do, and keeping in mind protecting the community. It's that simple." (N.T., Sentencing at 24.) It is clear from the record that the more structured environment of state incarceration has become necessary for Appellant and is clearly warranted in this case.

## III.    Conclusion

For the reasons noted above and at the sentencing hearing, Appellant's sentence is not unreasonable, nor manifestly excessive, nor an abuse of discretion. Therefore, Appellant's judgment of sentence should be affirmed and his appeal dismissed.

Accordingly, I enter the following:

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :
:
v. : Nos. 0047-2014, 4930-2013, 2940-2013
: 3864-2012, 3453-2012
SHAWN EDWARD MEHAFFEY :

ORDER

AND NOW, this 7th day of July, 2014, the Court hereby submits this Opinion

pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

BY THE COURT:

DAVID L. ASHWORTH
JUDGE

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

Joshua G. Parsons
Clerk of the Courts

Copies to:    Susan E. Moyer, Assistant District Attorney
Phillip A. Michael, Assistant Public Defender