J-S11009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HELEN LUCY GALLI | |
| Appellant | No. 786 MDA 2014 |

Appeal from the Judgment of Sentence December 5, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000828-2011

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 30, 2015**

Appellant, Helen Lucy Galli, appeals from the judgment of sentence entered after she was convicted of aggravated assault, simple assault, and recklessly endangering another person.  The primary issue in this appeal is the effect of double hearsay testimony to which no objection was entered at trial.  We conclude that the hearsay nature of these statements is irrelevant to the sufficiency and weight of the evidence.  Furthermore, we conclude that the trial court's decision to await collateral review before addressing Galli's ineffective assistance of counsel claim is not reviewable on direct appeal absent special circumstances not present here.  Thus, we affirm.

Galli was charged with aggravated assault, simple assault, and recklessly endangering another person arising from the ethylene glycol poisoning of Dawn Simyan.  Simyan was the girlfriend of her son, Victor

Galli. At trial, the Commonwealth presented voluminous evidence regarding the strained, bordering on hostile, relationship between Appellant and Ms. Simyan. Of note, Ms. Simyan testified without objection that, on the morning of the day she was poisoned, Victor Galli gave her a glass of juice, saying "my mother said drink this, it will make you feel better …" The defense argued that Ms. Simyan poisoned herself, either in attempt to commit suicide or in a failed attempt to poison Victor Galli. At the conclusion of the trial, the jury convicted Appellant on one count of aggravated assault, one count of simple assault and one count of recklessly endangering another person.

The trial court subsequently sentenced Appellant to an aggregate term of imprisonment of 66 to 144 months. Appellant filed post-sentence motions challenging the sufficiency and weight of the evidence at trial, the appropriateness of sentence, and trial counsel's failure to object to the double hearsay nature of Ms. Simyan's testimony regarding what Appellant had told Victor Galli. The trial court denied the motions, while noting that the Commonwealth's argument that Ms. Simyan's testimony was not offered for the truth of the matter asserted was implausible. This timely appeal followed.

On appeal, Appellant raises four issues for our review. First, Appellant asserts that, absent the hearsay testimony from Ms. Simyan, the evidence at trial was insufficient to sustain the convictions as it consisted of mere

speculation that Appellant caused the poisoning. Next, Appellant presents a similar argument regarding the weight of the evidence at trial. In her third issue on appeal, Appellant contends that the trial court abused its discretion in refusing to address her claims of ineffective assistance of counsel prior to collateral review. Finally, Appellant asserts that the trial court abused its discretion in imposing an excessive sentence.

Regarding Appellant's first two issues, we merely note that in the absence of a timely objection, hearsay testimony is competent evidence. *See Commonwealth v. Faruharson*, 354 A.2d 545, 552 (Pa. 1976); *Commonwealth v. Foreman*, 797 A.2d 1005, 1012 (Pa. Super. 2002). As a result, Appellant's challenges to the sufficiency and weight of the evidence supporting her verdicts, which center on the lack of reliability inherent in Ms. Simyan's testimony, fail. In the absence of an objection, the jury was free to find Ms. Simyan's testimony credible, and this evidence was more than sufficient to support a finding that Appellant had caused the poisoning.

Turning to Appellant's third issue, we observe that generally, claims of ineffectiveness of counsel are not ripe until collateral review. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). However, in extraordinary cases where the trial court determines that the claim of ineffectiveness is "both meritorious and apparent from the record," it may exercise its discretion to consider the claim in a post-sentence motion. *Id*., at 577.

Here, Appellant requested that the trial court exercise its discretion to review her ineffectiveness claims, arguing that the failure to assert a hearsay objection to Ms. Simyan's testimony constituted a meritorious claim of ineffective assistance that was apparent from the record. The trial court concluded that the testimony at issue was hearsay. However, the trial court denied the post-sentence motion, reasoning that it could not determine whether counsel was ineffective in the absence of evidence of trial strategy.

On appeal, Appellant contends that this reasoning constitutes an abuse of the discretion granted to the trial court under **Holmes**. Appellant contends that Ms. Simyan's testimony "was the crux of the Commonwealth's case," and that "there was no strategic reason for trial counsel's failure to object to this double hearsay."

We have reviewed the post-**Holmes** case law and found no authority on our standard of review in reviewing a trial court's denial of unitary review based upon the "meritorious and apparent from the record" exception to the general rule. Generally speaking, we review claims that a trial court has abused its authorized discretion pursuant to the following standard.

> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Winger*, 957 A.2d 325, 328 (Pa. Super. 2008) (citations omitted).

However, we conclude that our review of a decision denying unitary review of ineffectiveness claims is even more limited than the general review of discretionary action. In *Holmes*, the Supreme Court of Pennsylvania explicitly identified ineffectiveness claims as "presumptively reserved for collateral attack[.]" 79 A.3d at 577 n.10. The Court warned against trial courts appointing "new counsel post-verdict to search for ineffectiveness claims." *Id*. Thus, while the trial court retains discretion in addressing such claims, the presumption weighs heavily in favor of deferring such claims to collateral review.

Further, the Court justified the creation of the "meritorious and apparent from the record" exception by explaining that "[t]he administration of criminal justice is better served by allowing trial judges to retain the discretion to consider and vindicate such distinct claims of ineffectiveness[.]" *Id*., at 577. This statement implicates issues of time and efficient use of judicial resources.

The one explicit concern the Supreme Court has identified under its exceptions to the presumption of deferral to collateral review are instances of short sentences, where a defendant may be entirely deprived of an opportunity to raise a collateral claim. *See id*., at 564 n.1. Where a defendant receives a short sentence sufficient to call into question whether

- 5 -

the defendant has a realistic opportunity to raise a collateral claim, trial courts have a duty to consider this circumstance in applying *Holmes*. *See Id*. However, this circumstance does not apply in the current case, as Appellant's sentence calls for a minimum imprisonment of five and one-half years. As the present case does not raise the specter of a complete denial of an opportunity to litigate Appellant's ineffectiveness claim, her third issue on appeal merits no relief.

In her final issue on appeal, Appellant argues that the trial court abused its discretion in imposing a sentence that is "excessive." This claim raises a challenge to the discretionary aspects of the sentence imposed. *See Commonwealth v. Hornaman*, 920 A.2d 1282, 1284 (Pa. Super. 2007).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." *McAfee*, 849 A.2d at 274 (citation omitted). "First, an appellant must set forth in his brief a

concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." ***Id***. (citation omitted).

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Id***. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Tirado***, 870 A.2d at 365 (citation omitted). We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See id***. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation omitted); ***see also*** Pa.R.A.P. 2119(f).

In the present case, Appellant filed post-sentence motions challenging her sentence and her appellate brief contains the requisite Rule 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of her sentence. In her statement, Appellant alleges that the trial court abused its discretion in failing to consider her advanced age, 82, and her poor health.

In her argument, Appellant acknowledges that the sentence imposed is a standard range guideline sentence. Preliminarily, we note that a bald assertion that the sentence imposed by the trial court was excessive fails to raise a substantial question. ***See Commonwealth v. Trippett***, 932 A.2d

188, 202 (Pa. Super. 2007). In addition, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (internal citations omitted).

However, "this Court has held that an excessive sentence claim – in conjunction with an assertion that the trial court failed to consider mitigating factors – raises a substantial question." **Commonwealth v. Samuel**, 102 A.3d 1001, 1007 (Pa. Super. 2014) (citation omitted). We therefore conclude that Appellant has raised a substantial question and will review her arguments on their merits.

Appellant argues that the sentence imposed does not consider her life expectancy, advanced age, physical infirmities and the potential effect of incarceration on all of these circumstances. We note that counsel did not present independent evidence of these issues at sentencing, and did not challenge or amend the contents of the pre-sentence investigation report submitted to the trial court. Where the court had the benefit of a pre-sentence investigation report, there is a presumption that the court was aware of information relating to the defendant's character, and considered that information along with the mitigating statutory factors. **See Commonwealth v. Tirado**, 870 A.2d 362, 368 (Pa. Super. 2005); **Commonwealth v. Boyer**, 856 A.2d 149, 154 (Pa. Super. 2004), **aff'd**, 891 A.2d 1265 (Pa. 2006).

Appellant argues on appeal that the pre-sentence investigation report was defective in that it failed to set forth her life expectancy or the effect incarceration would have on her. However, this argument is waived due to counsel's failure to raise the issue at sentencing when asked to address the pre-sentence investigation report. We therefore conclude that the trial court did not abuse its discretion in imposing sentence, and Appellant's final issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2015