J-S11027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL J. PANNELL | |
| Appellant | No. 2037 EDA 2016 |

Appeal from the Judgment of Sentence Entered June 27, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1104631-2005

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 12, 2018**

Appellant, Michael J. Pannell, appeals from the June 27, 2016 judgment of sentence.  We affirm.

The record reveals that, on August 23, 2005, Appellant robbed and sexually assaulted the victim at knifepoint.  The victim fought Appellant off but suffered severe injuries.  Appellant entered a negotiated guilty plea on August 3, 2006.  On November 10, 2006, the trial court imposed an aggregate 32 to 80 years of incarceration for involuntary deviate sexual intercourse, robbery, aggravated assault, attempted rape, and burglary.[1]  This Court affirmed the judgment of sentence on April 20, 2010, after Appellant sought and received the opportunity to file a *nunc pro tunc* direct appeal.

---

[1] 18 Pa.C.S.A. §§ , 3123(a)(1), 3701(a)(a)(i), 2702(a), 901(a), 3121(a)(1).

Appellant filed a timely *pro se* PCRA petition on January 10, 2011. Counsel was appointed, and Appellant filed an amended petition alleging that plea counsel was ineffective for failing to object when the prosecutor breached the parties' plea agreement. The PCRA court vacated Appellant's sentence on September 27, 2013, but did not allow Appellant to withdraw his plea. At the November 15, 2013 re-sentencing, the trial court (the same judge who presided over the PCRA petition) entered an identical 50-100 year sentence. Appellant filed timely post-sentence motions to the November 15, 2013 judgment of sentence, and those motions were denied by operation of law on March 21, 2014. Appellant filed a timely appeal, and on April 11, 2015, this Court remanded for re-sentencing before a different trial judge.

On June 17, 2016, the trial court sentenced Appellant to an aggregate 39½ to 100 years of incarceration. Appellant requested and received reconsideration, after which the trial court, on June 27, 2016, imposed an aggregate 32 to 80 years of incarceration. At the close of the June 27, 2016 hearing, Appellant orally requested reconsideration and the trial court refused. This timely appeal followed. The sole issue before us is the trial court's exercise of sentencing discretion.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for

- 2 -

allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits.

**Commonwealth v. Ahmad**, 961 A.2d 884, 886–87 (Pa. Super. 2008) (internal citations and quotation marks omitted; italics in original).

Appellant argues that his sentence is excessive because the trial court effectively imposed a life sentence without considering his rehabilitative needs or the protection of the public. As the trial court explains in its September 14, 2017 opinion, a challenge to the aggregate effect of consecutive sentences does not ordinarily create a substantial question for appellate review. Despite this, the trial court proceeded to address Appellant's argument on the merits. We have reviewed the parties' briefs, the applicable law, the record, and the trial court opinion. We agree with the trial court's conclusion that Appellant argument fails on the merits. In particular, the trial court considered Appellant's extensive criminal history, both as an adult and as a juvenile. Trial Court Opinion, 9/14/17, at 11. The court also considered Appellant's statement that he could not guarantee that he would not reoffend. **Id.** at 12. The court considered the physical and psychological pain suffered by the victim, including a number of surgeries and her limited use of her hands due

- 3 -

to knife wounds.  *Id.*  The court considered Appellant's character witnesses and his rehabilitative progress since entering prison.  *Id.* at 11.  We discern no error in the trial court's exercise of sentencing discretion, and we affirm the judgment of sentence based on the trial court's well-reasoned September 14, 2017 opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/18

**FILED**

**SEP 1 4 2017**

Office of Judicial Records
Appeals/Post Trial

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| COMMONWEALTH OF PENNSYLVANIA | ) | PHILADELPHIA COUNTY |
|---|---|---|
| | ) | COURT OF COMMON PLEAS |
| | ) | |
| VS. | ) | |
| | ) | NO. CP-51-CR-1104631-2005 |
| | ) | |
| MICHAEL J. PANNELL | ) | |
| | ) | |

OPINION

Appellant, Michael J. Pannell, as the above-named Defendant, seeks review of the Orders and Judgments of Sentences imposed on June 27, 2016 by the Honorable Anne Marie B. Coyle, Judge of the First Judicial District Court of Common Pleas. The Defendant's Statement of Matters Complained Of On Appeal Pursuant to Pa. R. P. 1925(b), raises two claims alleging error or abuse of discretion related to sentencing for appellate review.

A fair review of the cumulative evidence introduced at the sentencing hearing before the Honorable Anne Marie B. Coyle on June 17, 2016 and the reconsideration sentencing on June 27, 2016 demonstrates the Orders of Sentence were reasonably imposed.

FACTUAL HISTORY

This case stems from the Defendant's heinous home invasion, knife point robbery, and aggravated sexual assault of a twenty-nine year old female in the early morning hours of August 23, 2005. The night before this vicious attack, this innocent victim had locked the door of her home upon returning from work but left the windows partially open due to the heat of summer. At about 1:30 a.m., she was awakened in her bedroom by the Defendant, who was a stranger to her, standing over her armed with a knife while she was still in her bed. He threatened her that that if

1

she looked at him he would kill her. He immediately demanded cash. She told him there was money in her night stand near the bed and pointed him to the location. When he did not find the money, she begged him not to hurt her and told him she had money in her wallet. The Defendant removed $80.00 from her wallet, pushed her onto the bed faced downward and cut off her shorts with his knife. He exposed his penis and demanded that she put his penis in her mouth. Terrified, she complied, but apparently not according to his standards or satisfaction. He moved slightly away from her and complained "is that the best she could do."

Within that moment of opportunity, this courageous young woman grabbed her attacker by his penis and the knife simultaneously to prevent him from killing her. She ferociously fought him until he ran out of her home. Miraculously after sustaining multiple life-threatening knife wounds to her hands and a severe loss of blood, she locked herself in the bathroom and called 911 before collapsing. Unfortunately, the responding 911 operator who answered her plea for help callously mistreated her on the telephone which heightened her trauma. Medical assistance finally arrived and she was transported via ambulance to Temple University where she was rushed into life-saving surgery. She has suffered through several surgeries of both of her hands and has been rendered permanently physically and emotionally shattered.

The victim's physical condition and the bloodied scene immediately alerted responding law enforcement to investigate the attack. Special Victim's Unit and the Crime Scene Unit of the Philadelphia Police Department processed the victim's residence. Three solid fingerprints were lifted by law enforcement from the east interior window. Upon submission of these prints into the AFIS database system, they were successfully matched to prints of the Defendant, Michael Pannell. His fingerprints had been previously inputted into the AFIS database system, with a date

2

of birth of 6/1/1950 with an issued P.P.N. of 429121 reflecting his extensive criminal history and last known residence.

On August 23, 2005, duly authorized Arrest and Search and Seizure warrants were executed by investigators at the Defendant's confirmed residence at 309 W. Ashdale Street, Philadelphia. From that location, numerous pieces of blood stained clothing were collected that had matched the victim's report of the type of clothing worn by her attacker. These items were submitted for analysis. The Defendant was arrested on that same night.

PROCEDURAL HISTORY

The underlying charges stemming from the arrest of Defendant, Michael Pannell, on August 23, 2005 included first degree felony offenses of Aggravated Assault, Robbery, Rape, Involuntary Deviate Sexual Intercourse, Burglary, and lesser degree of felony and misdemeanor offenses of Criminal Trespass, Defiant Trespass, Unlawful Restraint, False Imprisonment, Sexual Assault, Possessing an Instrument of Crime, Terroristic Threats, Indecent Exposure, Indecent Assault, Simple Assault, Recklessly Endangering Another Person.

Clerk of Court docketed entries retained by the First Judicial District of Pennsylvania Criminal Division reflect that on August 3, 2006, a knowing and intelligent guilty plea was tendered by the Defendant with the assistance of legal trial counsel, and accepted after colloquy hearing to certain enumerated offenses in the above-captioned matter by the Honorable Rosalyn K. Robinson, Judge of the Court of Common Pleas for the First Judicial District Criminal Division Per agreement, the Commonwealth *Nolle Prossed* several remaining charges that were not contained within the guilty plea. On November 10, 2006, the Honorable Rosalyn K. Robinson sentenced the Defendant to an aggregate incarceration sentence of a minimum of 50 years to 100 years with conditions delineated as follows:

3

Count 2: Involuntary Deviate Sexual Intercourse Forcible Compulsion under 18 § 3123 §§ A1: Minimum 10 to 20 years incarceration;

Count 3: Robbery, Inflicting Serious Bodily Injury under 18 § 3701 §§ A1I: Minimum 10 to 20 years incarceration to run consecutive with count 4;

Count 4: Aggravated Assault under 18 § 2702 §§A: Minimum 10 to 20 years incarceration to run consecutively with counts 3, 5, and 6;

Count 5: Criminal Attempt Rape Forcible Compulsion under 18 § 902 §§A: Minimum 10 to 20 years incarceration to run consecutively to counts 4 and 6;

Count 6: Burglary under 18 § 3502 §§A: Minimum 10 to 20 years incarceration to run consecutively to counts 4 and 5.

Following the filing of a Petition pursuant to the Post-Conviction Hearing Act and related hearing, the Honorable Rosalyn K. Robinson vacated the Defendant's original sentence and imposed a new sentence on November 15, 2013. On that date, the Honorable Rosalyn K. Robinson sentenced the Defendant to the same aggregate incarceration sentence of incarceration of 50 years to 100 years. Following a direct appeal filed on behalf of the Defendant, the Pennsylvania Superior Court, on August 11, 2015, entered a judgment vacating the Order of Sentence imposed by Honorable Rosalyn K. Robinson and remanding the matter for de novo sentencing and directing that the sentencing of the Defendant be transferred to a different jurist within the First Judicial District Court of Common Pleas Criminal Division.

On February 4, 2016, this case was transferred and assigned to this Court, the Honorable Anne Marie B. Coyle First Judicial District Court of Common Pleas Criminal Division, as the presiding jurist for de novo sentencing. At the sentencing hearing held on June 17, 2016, this Court freshly and thoroughly considered all relevant information, including the Defendant's individual circumstances, his biographical and criminal history along with submitted support letters and presentations of live testimony and arguments of his counsel.

4

This Court also carefully measured the uncontested anguishing impact of this crime upon this innocent victim. The complainant remained so emotionally scarred from this attack that she reported in writing that she could not "bear to be in the physical presence of the monster that changed her life forever and relive that horrible day over again." Therefore, this Court read into evidence portions of the victim written impact statement. The future risk to the safety of the community at large was also strongly factored into the final Orders of Sentence. This Court did not consider any data related to the hearings that had been conducted before the Honorable Rosalyn K. Robinson.

On June 17, 2016, and this Court sentenced Defendant to an aggregate period of confinement of 39½ years to 100 years and imposed conditions including a stay away order, allocated as follows:

Count 2: Involuntary Deviate Sexual Intercourse Forcible Compulsion-18 § 3123 §§ A1: Minimum 8 ½ years to 20 years period of confinement;

Count 3: Robbery, Inflicting Serious Bodily Injury-18 § 3701 §§ A1I: Minimum 8 years to 20 years period of confinement to run consecutively with Counts 2, 4, and 5;

Count 4: Aggravated Assault-18 § 2702 §§A: Minimum 8 years to Maximum 20 years period of confinement to run consecutively with Counts 2, 3, and 5;

Count 5: Criminal Attempt Rape Forcible Compulsion-18 § 902 §§A: Minimum 7 ½ years to 20 years period of confinement run consecutively to Counts 2, 3, and 4;

Count 6: Burglary-18 § 3502 §§A: Minimum 7 ½ years to 20 years period of confinement run consecutively to Count 5.

Following a Motion for Reconsideration of Sentencing filed on behalf of the Defendant and subsequent hearing on June 27, 2016, this Court reduced the Order of Sentence and imposed an aggregate sentence of confinement for a minimum period of 32 years to a maximum period of 80 years of incarceration by directing that the sentence imposed for Count 6-Burglary to run concurrently instead of consecutively to the sentence imposed for Court 2-Involuntary Deviate

Sexual Intercourse Forcible Compulsion. The Defendant was again credited for custodial time served following his arrest in 2005.

On June 27, 2016, Stephen T. O'Hanlon, Esquire, as counsel for the Defendant at time of sentencing, filed a timely Notice of Appeal. On July 14, 2016, this Court ordered the Defendant to file a concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On July 25, 2016, a concise Statement of Errors was filed on behalf of the Defendant. In this statement, the Defendant claims the following:

(1) "The sentence constitutes an abuse of discretion because a lower/guideline sentence or more fully concurrent sentences would protect the public and would serve to meet Appellant's rehabilitative needs which apparently showed signs of progress"; and

(2) "The resentencing Court imposed an effective life sentence (where the maximum date is controlling) without giving special reasons for the imposition of such a sentence. This is problematic because although the court noted Appellant's background, it was not fully considered when balancing with the crimes for which Appellant entered guilty pleas and Appellant's acceptance of responsibility was given some but insufficient consideration."

DISCUSSION

In his Statement of Matters Complained of on Appeal, the Defendant asserts the sentence imposed by the Court constitutes an abuse of discretion and the Court did not provide "special reasons" for imposing what amounts to a life sentence. The Defendant's claims fail, however, as the transcribed record of all proceedings in this matter reflects that the Court imposed a reasonable sentence after thoughtful and careful consideration of all relevant factors. As indicated in the record, this Court reviewed all evidence presented and relevant sentencing factors and requirements pursuant to the Commonwealth of Pennsylvania Sentencing Code contained within 42 Pa. Cons. Stat. Ann. § 9721 (West) and 4 2 Pa. C.S.A. § 9781 and provided ample reasons on for the sentence imposed.

6

**I.    The Court imposed a fair and reasonable sentence and did not abuse its discretion.**

Appellate Review of the Sentencing Court

Appellate review of this matter begins with the statutory prescription contained within 42 Pa. C.S.A. § 9781(b) which directs that an appeal may be granted at the discretion of the appellate court only where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter. Thus, with regard to the discretionary aspects of the sentencing, there is no automatic right to appeal. See Com. v. Cook, 941 A.2d 7 (Pa. Super. 2007). The Defendant does not have a valid claim of excessive sentence without including an additional and more specific violation of the sentencing code. Only when a sentencing claim sets forth the manner in which either a particular provision of the Pennsylvania Sentencing Code or an underlying fundamental norm of the sentencing process was violated, does a claim of excessiveness present a substantial question. Com. v. Mouzon, 812 A.2d 617, 620 (Pa. 2002). A blanket claim of excessiveness, with no further allegations, does not create a substantial question. Id.

Moreover, within this Commonwealth, the "imposition of a sentence is vested in the discretion of the sentencing court and will not be disturbed absent a manifest abuse of discretion." Com. v. Smith, 543 Pa. 566, 673 A.2d 893, 895 (1996). This standard reflects that the sentencing court is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." Com. v. Ward, 524 Pa. 48, 568 A.2d 1242, 1243 (1990). Consistent with this standard of record review, the appellate court shall have regard for: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; and ... (3) the findings upon which the sentence was based." 42 Pa. C.S.A. § 9781 (d) (1) and (3).

As the instant record of the respective hearings conducted, this Court succinctly stated the sentences imposed for each offense occurred after a comprehensive evaluation of all germane reasons and after fully incorporating into the record its review of the mental health and sexual assault assessments that it had previously requested to be completed by the County Probation Department, the victim's impact statement, four letters on behalf of the defendant, the applicable sentencing guidelines of each offense, and all proffered data including live testimony from multiple witnesses (N.T. 6/17/2016 pp. 26-31).

All significant aspects of the defendant's background, the level of violence that he had exhibited within the instant case, his extensive prior criminal record, the future safety risk that he posed to the community were specifically mentioned by this Court as being duly weighed. Id. Moreover, it was uncontested that each individual sentence for each criminal offense imposed by this Court were entirely consistent with the recommended guidelines as reflected within computations promulgated by the Pennsylvania Commission of Sentencing.

Appellate Review of Aggregation in Sentence

Similarly, pursuant to 42 Pa. C.S.A. § 9781(d)(1) and (3), this Court was well within its discretionary right to impose the sentences consecutively. The sentencing court's exercise of discretion by imposing consecutive as opposed to concurrent sentences is not viewed as raising a substantial question that would allow the granting of allowance of appeal in our Commonwealth. Com. v. Marts, 889 A.2d 608 (Pa. Super. 2005).

In the instant matter, individualized consecutive standard sentences upon the Defendant were imposed for four of the five criminal offenses at issue only after careful consideration of all relevant sentencing factors including the paramount need for protection of the public, the gravity of the offense, and the Defendant's poor prospect of rehabilitation. Thus, the Defendant has not

raised any substantial question that the consecutive sentences imposed were inappropriate or contrary to a fundamental norm underlying the sentencing code.

Additionally, the respective weight given by the Court to the individual relevant sentencing factors is not a substantial question because this simply raises a disagreement about this Court's determination of facts and the weight of factors. Again, the sentencing court is given broad discretion in formulating a sentence, with no automatic right of review available. Com. v. Mastromarino, 2 A.3d 581, 585 (Pa. Super. Ct. 2010). An appeal can only be granted if there is a substantial question as to a violation of a specific sentencing code or a fundamental norm. 42 Pa. C.S.A. § 9781; Mouzon, 812 A.2d at 627.

### Discretion in Weight of Factors

Although a claim that a sentencing court failed to acknowledge a mitigating factor may be viewed as a substantial question, mere disagreement, however, about how factors are weighed does not create a substantial question, since it is the sentencing court's role to appraise the importance of the relevant facts as its sees fit. Com. v. Raven, 97 A.3d 1244, 1253 (Pa. Super. Ct. 2014) appeal denied, 105 A.3d 736 (Pa. 2014); Com. v. Zirkle, 107 A.3d 127, 133 (Pa. Super. Ct. 2014), reargument denied (Feb. 17, 2015).

In the instant case, the Defendant infers that the Court did not give enough weight to his rehabilitative needs and did not fully consider his background and the mitigating factor of his admission of guilt. However, such a claim amounts only to his mere disagreement with the recorded findings of fact by this Court. The record demonstrates this Court's thorough consideration of all relevant mitigating and aggravating factors from ample evidence presented (N.T. 6/17/2016 pp. 26-31). Defendant's claim quickly fails on the merits of the substantial question presented.

9

Appellate Review: Applying Standard of Abuse in Discretion

Even if the reviewing court found a substantial question, the sentencing court's determination can only be overturned for an abuse of discretion. Com. v. Walls, 926 A.2d 957, 961 (Pa. 2007). Such an abuse is **not** just a mere disagreement. Id. It must be "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." Id. This standard is embodied in the language of section 9781(c), which dictates that when sentencing outside the guidelines, a sentencing court's determination must stand unless the sentence was unreasonable. 42 Pa. C.S.A. § 9781(c).

A sentence is reasonable when it includes examination of the public protection, the crime's gravity, and the defendant's rehabilitative needs, as listed in section 42 of the Pennsylvania Code. 42 Pa. Cons. Stat. Ann. § 9721 (West); Walls, 926 A.2d at 964. Additionally, when the sentencing court has reviewed a presentence report, it is presumed that the court has considered the information it contains. Com. v. Boyer, 856 A.2d 149, 154 (Pa. Super. Ct. 2004) aff'd 891 A.2d 1265 (Pa. 2006). Facts can be considered, pursuant to § 9721(b)'s sentencing requirements, even if the facts are subsumed within the guideline recommendation. Com. v. Sheller, 961 A.2d 187, 192 (Pa. Super. Ct. 2008).

As noted above, this Court thoroughly explained, on the record, its reasoning for the fairly imposed and reasonable sentence. This Court explicitly and implicitly touched upon all of the required considerations of 42 Pa. C.S.A. § 9721(b) and it considered all information provided including the Defendant's robust criminal past, mitigating factors such as the Defendant's testimony and that of his supporters along with his stated acceptance of responsibility, and the nature and effect of the crimes upon the victim and his present and future risk to the safety of the victim and society.

10

This Court identified that the Defendant's lengthy criminal history was an alarming factor. This data had been gleaned from the Presentence Reports and associated documents that had been previously prepared at the direction of the trial court. (See N.T. 6/17/2016 pp. 29-30.) The Court detailed the fact that the Defendant had committed several repetitive residential burglaries and thefts beginning at a very young age and continuing well into adulthood. As a juvenile, the Defendant had been arrested thirteen times and adjudicated delinquent for these offenses nine times. As an adult, he amassed nineteen arrests which resulted in fourteen conviction. He had violated various terms of Court ordered periods of supervision on at least twelve occasions. All of those adjudications and convictions occurred before he chose, at the age of 55 years, to commit the instant vicious crimes of burglarizing this young woman's home, and raping, terrorizing, and robbing her before leaving her bleeding nearly to death.

In considering the Defendant and his characteristics, the Court listened to all the testimony presented by the Defendant and his very able attorney. (See N.T. 06/17/2016, pp. 29-32.) The Court also considered all information provided in the Presentence Investigative Report and Mental Health Evaluations. Additionally, the Court considered the mitigating factor of proceeding by way of plea and the Defendant's acceptance of responsibility. Id. The Court also read character letters sent on behalf of the Defendant, and listened to testimony of the Defendant's friends and family members. This Court duly noted that the Defendant had obtained his high school diploma, had experienced horrific aspects in his upbringing, and had a long standing history of drug and alcohol abuse. This Court also remarked that the Defendant seemed somewhat wiser as time had passed and that he may have done some soul-searching throughout the custodial periods. (See N.T. 06/17/2016 p. 31.)

11

This Court distinctly remembered the Defendant's odd remark that he could not guarantee that he would not reoffend in the future. As for the harm caused by the Defendant's actions, the Court considered the extreme level of brutality that he exerted on a very young innocent woman, who was a stranger to him, the tremendous resulting impact upon the victim as reflected within her impact statement, and the severe permanent emotional scars the Defendant has imprinted upon her along with her physical injuries. She remains fearful of his release. (See N.T. 6/17/2016 pp. 26-29.)

In the impact statement and within the medical data, this victim reported that she had no use of her hands for up to three months following life-saving surgeries. Hundreds of stitches were sewn into each hand and casts were placed on each hand up to her elbows. She experienced constant severe pain from each surgery which was followed by long term difficult physical therapy. To this very day, she is unable to fully use her hands because of the wounds inflicted by the Defendant.

Moreover, although the original aggregate sentence of 39 ½ years to 100 years of incarceration imposed by this Court on June 17, 2016 was fair and reasonable, this Court granted Defendant's Motion for a Resentencing hearing and listened to additional arguments made on behalf of this Defendant. After additional consideration, on June 27, 2016, this Court modified the sentence by running count six, burglary, to run concurrently with count two, involuntary deviate sexual intercourse. This Court's aggregate imposed sentence was reduced to give greater weight to the mitigating factor s presented. As a result the aggregate confinement period was reduced to a minimum of 32 years to a maximum of 80 years.

This Court carefully balanced the rehabilitative needs of the Defendant with the safety of the community of Philadelphia. At sentencing, the Court rightly shared the concern for the public,

12

based on the Defendant's history and the type of crime at hand, the significant impact it had on everyone, most especially the victim in this case. This Court concluded the community must continue to be protected from the Defendant by imposing long term period of confinement. (See N.T. 6/17/2016 p. 31.)

> II. **The sentence imposed is not a life sentence and even if the Defendant may not live until he is paroled that prospect in not a reason to reverse the Order of Sentence.**

The Defendant argued the imposed sentence effectively became a life sentence and that he would not be a danger to the public in his very late years. (See N.T. 6/27/2016 p. 3.) This claim quickly fails because the sentence imposed is not a life sentence. The imposition of a sentence wherein a person may practically be released to parole supervision after serving the minimum period of 32 years or less is not a life sentence by its very definition. This Defendant may still be living at the time he is eligible for parole.

More importantly, within the Defendant's appellate claim, which was expressly expanded at time of the sentencing hearings, is the intrinsic theory that because the Defendant committed these crimes at the age of 55 years, he should not be given a lengthy sentence because he may not outlive it. This argument has inherently flawed logic because it essentially means that someone who commits a violent act at the age of 55 years should be treated less severely than someone who commits the same crime at a younger age solely because of their age. That is not the law nor should it be.

Michael Pannell, all by himself, decided at this point in his life, after amassing an extensive criminal record and rebuffing every effort of the community to correct his harmful behavior, to savagely prey upon this innocent young woman in the dead of night in her home. Thus, there should be no exemption or reduction due for committing these crimes because of his age. To the

13

contrary, in this case, the crimes he committed became more egregious because the excuse of the impetuousness of youth was not remotely present. Similarly, to additionally aver that this Defendant would be less likely to commit crimes in the future to due to advancing age defies this Defendant's documented recorded criminal history which reflected an increased propensity to commit violent acts as he aged. The risk to the safety of our community worsened with time.

In short, this Court imposed a fair and reasonable sentence. The sentences imposed were reasonably based upon this Court's proper measurement of all relevant sentencing factors. Those impacting factors that formed the basis for the decisions made were amply recorded. Sound discretion was duly exercised.

CONCLUSION

Based on the foregoing record review, this Court finds no harmful, prejudicial, or reversible error. Accordingly, the judgment of the trial court should be affirmed.

By the Court,

DATE: 9/14/2017

Anne Marie B. Coyle, J.

14