J-A15024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT EDWARD LEE, IV | : | |
| | : | |
| Appellant | : | No. 1870 MDA 2017 |

Appeal from the Judgment of Sentence October 4, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003827-2009

BEFORE: PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED JULY 05, 2018**

Robert Edward Lee, IV (Appellant) appeals from the judgment of sentence entered following the second revocation of his probation. We affirm.

On March 3, 2011, Appellant pled guilty to aggravated assault, fleeing or attempting to elude a police officer, recklessly endangering another person, driving under the influence of alcohol (DUI), driving with a BAC of .02 or greater with a suspended license from a prior DUI, and numerous summary traffic offenses. The trial court sentenced Appellant to an aggregate 2½ to 5 years of incarceration, followed by 10 years of probation.

On February 26, 2016, Appellant was released from prison after completing his maximum sentence. He began serving probation. Less than a year later, in January of 2017, a bench warrant was issued for Appellant because he had incurred new criminal charges of simple assault, recklessly endangering another person, harassment, and disorderly conduct. Appellant

appeared for a violation of probation hearing on March 24, 2017, and admitted to violating his probation. The trial court found Appellant to be in violation of his probation and sentenced him to a new 10 year period of probation, but advised Appellant that he would face incarceration if he violated his probation again. The trial court summarized the events that followed:

> On June 6, 2017, another capias and bench warrant were issued for Appellant's arrest. Appellant once again allegedly violated his probation . . . by committing new crimes of violence on May 16, 2017. Appellant was in the custody of Chester County Prison.
>
> On July 13, 2017, Appellant appeared before [the trial court] by simultaneous audio-visual two-way communication for a hearing on this second probation violation. The new criminal charges [filed in Chester County] . . . had been returned to court following a preliminary hearing, and Appellant stipulated he was in violation of probation based on the new charges. Consequently, his probation was revoked. While the probation officer and prosecutor requested a state prison sentence, and Appellant requested a county sentence concurrent to [the] Chester County charges, the court deferred sentence pending disposition of the new charges and upon completion of a pre-sentence investigation report ("PSI").
>
> On October 4, 2017, Appellant appeared before the court for sentencing on the probation violation, at which time it was determined that Appellant had pleaded guilty in Chester County to the new offenses of recklessly endangering another person and driving under suspension. Those crimes involved domestic violence, and [the Chester County Court of Common Pleas sentenced Appellant to a term of six to twelve months' imprisonment]. After reviewing the PSI report and affording all parties an opportunity to speak, this court imposed a sentence of 2-5 years['] incarceration in SCI . . . consecutive to the sentence in Chester County. Appellant was made eligible for all treatment programs in SCI to address his drug/alcohol addiction and anger management.

Trial Court Opinion, 12/13/17, at 3 (citations to the record omitted).

Appellant filed a timely post-sentence motion to modify his sentence, which the trial court denied on October 18, 2017. This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents a single issue for our review:

Was the [t]rial [c]ourt's sentence of two (2) to five (5) years' incarceration in a state correctional institution . . . consecutive to the Chester County sentence [Appellant] received, manifestly excessive and an abuse of the [trial c]ourt's discretion?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. "[I]t is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." *Commonwealth v. Fergusson*, 893 A.2d 735, 737 (Pa. Super. 2006). However, "a challenge to the discretionary aspects of a sentence is not appealable as of right." *Commonwealth v. Colon*, 102 A.3d 1033, 1042 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015). Before we exercise jurisdiction to reach the merits of Appellant's claim, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* at 1042-43 (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted)).

- 3 -

Appellant has filed a timely notice of appeal and preserved his issue by filing a post-sentence motion for modification of sentence. Appellant has additionally included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). **See** Appellant's Brief at 11-13. With regard to whether Appellant has raised a substantial question, we conduct a case-by-case analysis to determine what allegations constitute a substantial question. **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004). This Court has held that an excessive sentence claim, in conjunction with an assertion that the court failed to consider mitigating factors, raises a substantial question for our review. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (substantial question existed where appellant challenged sentence as unduly excessive, together with claim that court failed to consider rehabilitative needs); **appeal denied**, 126 A.3d 1282 (Pa. 2015); **see also Commonwealth v. Johnson-Daniels**, 167 A.3d 17, 27 (Pa. Super. 2017), **appeal denied**, 174 A.3d 1029 (Pa. 2017).

Having considered that Appellant has raised a substantial question, we recognize our standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted), ***appeal denied***, 117 A.3d 297 (Pa. 2015).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

***Colon***, 102 A.3d at 1043 (citation omitted).

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

> (1)  the defendant has been convicted of another crime; or
>
> (2)  the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3)  such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c). The trial court may determine whether a sentence should run consecutive to or concurrent with another sentence being imposed based upon the facts of a particular case. ***Commonwealth v. Perry***, 883 A.2d 599, 603 (Pa. Super. 2005) (internal citations omitted).

As discussed above, Appellant twice violated his probation by being charged with crimes of violence. At the October 4, 2017 hearing, the trial court had the benefit of pre-sentence investigation report. When the sentencing court has the benefit of a pre-sentence investigation report, it is presumed to have properly considered and weighed all of the relevant information, including any mitigating statutory factors. *Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006) (citing *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004), *affirmed*, 891 A.2d 1265 (Pa. 2006)). Here, the trial court stated:

> Prior to imposing sentence in the present case, the [trial] court confirmed with Appellant and his counsel that all information in the [pre-sentence investigation report] was accurate. The [trial] court then specifically stated that it was taking into consideration all information contained within the [report] to determine the appropriate sentence.

Trial Court Opinion, 12/13/17, at 9.

Further, the trial court explained to Appellant:

> You have appeared in court on nine separate occasions for new criminal offenses since 1995 involving 12 separate criminal dockets. At least three of the criminal episodes involve crimes of violence.
>
> You owe over $7,000 in fines, costs, and restitution.
>
> I have considered your rehabilitative needs, including the fact there is little to indicate you have made any effort to change your lifestyle or that you are amenable to rehabilitation.
>
> ***
>
> [T]he [trial c]ourt believes a sentence of total confinement is necessary because you have clearly demonstrated probation has proven to be an ineffectual rehabilitation tool. You are not

- 6 -

amenable to treatment or rehabilitation outside of a correctional facility.

You are in need of treatment that can be provided most effectively by commitment to an institution. You are a danger to society, and society needs to be protected. You have total disregard for your probation officer, the [trial c]ourt, and criminal justice system.

Incarceration is warranted because a lesser sentence would depreciate the seriousness of your conduct, and a state prison sentence is essential to vindicate the authority of the [trial c]ourt.

N.T., 10/4/17, at 24-25.

In its opinion, the trial court expanded on its rationale, and detailed its consideration of numerous factors in imposing Appellant's sentence. *See* Trial Court Opinion, 12/13/17, at 9-16. Also, in addressing its imposition of Appellant's sentence as consecutive, the trial court reasoned that Appellant was "not entitled to a volume discount for his crimes and repeated violations of probation." *Id.* at 15-16 (citation omitted). In sum, the trial court concluded:

After considering all of these factors, the court found that a sentence of total confinement was necessary because Appellant has clearly demonstrated that probation has proven to be an ineffective rehabilitation tool, Appellant is not amenable to treatment or rehabilitation outside a correctional facility, Appellant is in need of treatment that can be provided most effectively by his commitment to an institution, Appellant's conduct indicates he is a danger to society, he has committed a new crime, and Appellant is likely to commit another crime if not incarcerated. The court found that Appellant has demonstrated total disregard for his probation officer, this court, and the criminal justice system. Additionally, a state prison sentence was essential to vindicate the authority of the court.

*Id.* at 14 (citations to notes of testimony omitted).

On this record, we find Appellant has failed to establish that the trial court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. ***Zirkle***, ***supra***. Because the trial court did not abuse its discretion, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/05/2018